PHILIPS v. GRAY, ADMINISTRATOR.

I. The act of the legislature authorizing " Executors and Administrators to rent at public outcry, · the real estate of any decedent, until final settlement of the estate" intercepts the right of the heir to enter upon and enjoy the estate of his ancestor, in favor of the personal representative of the deceased, until the estate is settled. But the statute is prospective in its terms, and cannot have a retrospective effect.

Error to the Circuit Court of Autauga County.

THIS was an action of forcible detainer, brought by the defendant in error, before a justice of the peace, to recover the possession of a house and lot, in the town of Wetumpka. The petition does not state, that the possession of the premises was ever in the defendant in error; but the recovery is sought on the possession of the defendant's intestate. The defendant in error had judgment before the justice, which, on *certiorari* to the circuit court, was affirmed; from which a writ of error is prosecuted to this court.

PRYOR, for the plaintiff in error.
POPE, contra.

ORMOND, J.—The right of the defendant in error, to maintain this action, on the possession of his intestate, is attempted to be derived from an act of the last legislature, which is to the following effect :—" that it shall hereafter be lawful for executors and administrators, to rent at public outcry, the real estate of any decedent, until a final settlement of the estate of the said decedent is effected, and that the proceeds shall be assets in the hands of such executors or administrators."

There can be no doubt, that in all cases coming within the purview of this act, after its passage, the right of the heir to

Philips v. Gray, administrator.

enter upon and enjoy the real estate of his ancestor, is intercepted in favor of the personal representative of the deceased, until final settlement of the estate.    But can the statute have a retrospective operation, so as to divest the title of the heir and confer it on the personal representative?    We need not enter on the question, whether the legislature had such power, because we think they have not exercised it.    The language of the act, is that, " *hereafter*," etc. designing, doubtless, to leave vested rights upon the footing they then stood, and looking to the future for the operation of the act.

The *future* is the appropriate field of legislation; and a statute is never allowed to have a retrospective operation, unless clearly so expressed: or unless such implication must be made, to give effect to the manifest intent of the legislature.    But this act, in its *terms*, has the future and not the past, in its view : and no reason has presented itself to our minds, why a construction should be put on it, different from the one apparent on its face: but on the contrary, many reasons exist, making it improper that such an act should be passed.

The decedent in this case, as appears from the record, died before the passage of the act; there was, consequently, a descent cast on his heirs at law, who succeeded to all the rights of their ancestor in the realty, and consequently, to the right to recover the possession of the premises sued for, if the possession of the ancestor had been invaded.

It is not necessary now to decide, whether the personal representative of a decedent, would have the right, under this statute, to recover the possession of lands, to enable him to rent them: and therefore no opinion is expressed on that point.

Let the judgment be reversed.