## JOHNSON v. ELLIOTT.

1. When the decree settling the equities in a suit against a non-resident, directs that it shall be suspended until the statutory bond is given, *quere*, whether a final decree afterwards rendered, during the same term, upon the report of the master, upon a reference directed by the former decree is not within its reservation.

2. It is error to decree a sum certain to a widow in lieu of dower, to be raised by a sale of the entire estate out of which the dower interest arises. The decree should be for the payment annually of the sum ascertained to be the annual value of the dower interest.

3. When the grantee of the husband, after his death, receives the rents, although the widow, upon a bill filed by her to ascertain and settle her claim for dower, is entitled to a decree for her proportion of the rents so received, the decree for what is due should be a general money decree, and it is not a lien upon the estate conveyed by the husband so as to override other charges, or liens created by the grantee.

Writ of Error to the Court of Chancery for the first District.

THIS bill is filed by Mrs. Elliott, against Johnson, and its object is, to obtain her dower, as well as to set aside a relinquishment made by her, of her dower interest in certain premises described in the bill, which it was alledged she was induced to execute after her husband's death, without any consideration, by reason of certain false representations made to her by Johnson and by one Walker, who owned the premises, jointly with her husband, and who, after his death, administered on his estate. The estate was conveyed by her husband and Walker to the defendant, Johnson, and one Chapman, and Chapman conveyed his half to Johnson, by deed bearing date the —— day of ———. The bill alleges, that Johnson has been in possession of the premises, and receipt of rents, since November, 1835. Johnson is proceeded against as a non-resident defendant, and the requsite publication having been made, the bill was taken as confessed, for his omission to answer.

At the hearing, on the bill and decree *pro confesso* the chancellor decreed the relinquishment should be set aside, and directed a reference, to take an account of the rents—to ascertain and report what portion of the same the complainant is entitled to receive as her dower right—and also to report whether dower can be assigned without manifest injury to the parties in interest, and if it cannot, what portion of money ought to be paid the complainant in lieu of dower, and whether it would be more beneficial to sell the premises and pay her portion out of the proceeds of the sale, or to permit her to receive annually one third part of an undivided half of the annual rents during her lifetime.

The question of costs, and all others not disposed of, reserved until the coming in of the report. It was also directed, that this decree should be suspended, until the complainant gave bond, with surety, conditioned to abide such order touching the restitution of the estate, &c., as the court may make concerning the same, on the appearance and petition of the defendant to have the cause reheard.

No bond appears to have been given, but during the same term of the court at which the hearing was had, and after the decree recited, the master reported, that the reasonable rents of the premises, after deducting reasonable expenses for repairs, and insurance, from November, 1835, to November, 1846, amounted to $8,802, of which the complainant was entitled to receive one-sixth part, or $1,467. Also, that dower could not be assigned without manifest injury to all the parties in interest, and that the complainant should receive in lieu thereof, $1,000, which would be more beneficial to her than the receipt of one-sixth of the annual rents.

It was thereupon ordered at the same term as the former decree, that the defendant should pay into court the sum of $2,467, the amounts due the complainant for back rents, and for the value of her dower, as ascertained by the master, by the 1st day of January, 1847, and in default that the premises be sold, &c.

The defendant now assigns as error—

1. The rendition of the decree, without proof of the allegations of the bill.

2. That he was never made a party to the bill.

3. That no bond was given pursuant to the decree.

4. That Walker should have been made a party.

5. That the decree allows one-sixth of the rents, &c., as dower, when her husband was tenant with Walker.

6. That the decree is erroneous.

E. S. DARGAN, for complainant in error.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—1. As the decree settling the equities of the cause, provides for its own suspension until the bond is given which the statute requires, when the defendant is a non-resident, and as there is some doubt with us whether that confirming the master's report, and directing the sale, is not to be considered as within the reservation of the other, we shall put our present decision on other points of the record.

2. The decree is erroneous in directing a sale of the entire estate conveyed by the husband, for the purpose of producing the sum ascertained by the master as the value of the complainant's dower interest. It is evident, that under a forced sale, it might happen that the whole interest which the husband had, and out of which the right of dower arises, would be sold without producing more than the sum decreed as compensation to the widow, and thus the purchaser, instead of losing one-third of the estate during the life of the widow, would be deprived of the whole. This matter was considered fully in the recent case of Beavers v. Smith, 11 Ala. 20, and we there held, that when compensation is made in money, the decree should not be for a gross sum, by estimating the supposed present value of the widow's life estate, but for the payment annually of the sum ascertained to be the annual value of the dower interest, during the life of the dowress, secured by a lien upon the estate. It was erroneous, therefore, in our judgment, to decree a specific sum to the widow, to be produced by a sale of the premises from which the right of dower arose.

3. It also admits of question, whether the sum ascertained as due the complainant, for her proportion of the back

rents was properly chargeable as a lien on the estate. It seems to us, this is a matter for which the decree should have been a mere money decree, against the defendant, and the effect of which would be to charge him personally. We do not see well, how the decree in its present form could, in this particular, affect him injuriously, if he remains the owner of the premises, and therefore might not feel warranted in reversing on this ground only, yet, inasmuch as a lien or charge created pending the suit, would seem entitled to override the claim of the complainant, on account of the back rents, we think any future decree should be put on the proper ground.

Decree reversed and cause remanded for further proceedings.