## SNEDICOR ET AL. *vs.* MOBLEY.

[PETITION TO SET ASIDE SALE OF DECEDENT'S LANDS UNDER ORDER OF PROBATE COURT.]

1. *Sale of decedent's lands; jurisdiction of probate court to order, for division between widow and only heir.*—The probate court has no jurisdiction to order a sale of real estate belonging to a decedent, for the purpose of making an equitable division among the heirs or devisees, (Revised Code, § 2221,) when the facts stated in the petition negative the existence of the ground on which the sale is asked ; as where it alleges that the widow and an only child are the heirs ; nor can the widow's consent to the sale of her dower-interest, in such case, give the court jurisdiction to order the sale.

2. *Same; who may move to set aside sale.*—An administrator, on whose petition real estate is sold under an order of the probate court, can not afterwards move the court to set aside the sale for want of jurisdiction, although the estate is afterwards declared insolvent, and he is continued in the office of administrator : the estoppel operates against the person, and not against his official capacity.

APPEAL from the Probate Court of Sumter.
Heard before the Hon. J. A. ABRAHAM.

In the matter of the estate of H. F. Eaton, deceased, on
the petition of Green B. Mobley, the administrator, ask-
ing the court to vacate and set aside, as null and void, a
sale of certain lands belonging to said decedent, and the
order of the court under which said sale was made. The
order of the court, under which said lands were sold, was
granted on the petition of the said administrator, which
was filed on the 14th day of November, 1859, and which
alleged that said lands could not be fairly and equitably
divided among the heirs without a sale. The petition fur-
ther alleged, " that the deceased left the following heirs,
to-wit, Amanda Eaton, widow of said deceased, and Alice
Eaton, an only child, under the age of twenty-one years."
The widow waived her right to have dower assigned, and
consented to take one-sixth of the purchase-money in lieu
of dower. On the fourth Monday in December, 1859, the
court granted an order of sale. The sale was made by the
administrator on the 22d day of December, 1860, J. C. In-
man, Evan Allen, and the administrator himself becoming
the purchasers of the different parcels. The sale was re-
ported to the court at its April term, 1861, and was con-
firmed, without objection, at that term. The administra-
tor afterwards sold the lands bought by himself at the
sale, to one Edward Herndon, who paid the purchase-
money, and was in possession when the petition to set aside
the sale was filed. Inman gave his notes for the purchase-
money of the portion bought by himself at the sale, went
into possession of the lands, and continued in possession
up to the time of his death, but paid no portion of the
purchase-money. After his death, F. P. Snedicor, as his
administrator, sold the lands under an order of said pro-
bate court, and one J. A. Gibbs became the purchaser. In
March, 1866, said G. B. Mobley, as administrator of
Eaton, brought suit against Inman's sureties on the note
given for the purchase-money, and that suit was pending
and undetermined when these proceedings were instituted

to set aside the sale. Inman's estate was reported and declared insolvent in 1866, and the note for the purchase-money was not filed as a claim against his estate within the time required by law. Eaton's estate was also declared insolvent, but at what time does not appear from the record; the only recital in reference to it being the statement in the bill of exceptions, that " the plaintiff introduced in evidence the record of the report and declaration of insolvency of the estate of said H. F. Eaton, and the continuance of said G. B. Mobley as the administrator of said estate"; but the record of these matters is not copied into the transcript. The petition to set aside the order of sale, and all the proceedings had under it, was filed in January, 1870; said Snedicor, as the administrator of Inman's estate, and Gibbs, the purchaser at his sale, being notified, and made defendants. The grounds alleged in the petition for setting aside the sale, and the grounds on which it was set aside, are stated in the opinion of the court. The proceedings to set aside the sale seem to have been confined to the lands purchased by Inman. The decree setting aside the sale, and some other matters which require no particular notice, to which exceptions were reserved, are now assigned as error.

BLISS & SNEDICOR, COLEMAN & LITTLE, for appellants. 1. The petition for the sale of the lands was filed by the administrator, and alleged a statutory ground for the sale. The petition gave the court jurisdiction to order the sale, and no subsequent irregularities can render the sale void, no matter what might be their effect on error or appeal. *Satcher v. Satcher*, 41 Ala. 26; *Saltonstall v. Riley & Dawson*, 28 Ala. 184; *Field's Heirs v. Goldsby*, 28 Ala. 218; *Cox v. Davis*, 17 Ala. 714; *Wyman v. Campbell*, 6 Porter, 219; *Lightfoot v. Lewis' Heirs*, 1 Ala. 475; *Hall v. Chapman*, 35 Ala. 553; 29 Ala. 210; 29 Ala. 542.

2. The widow's dower is a vested interest in the lands, and the law provides the means for ascertaining its value. If the dower can not be set off by metes and bounds, she can only get her rights by consenting to a sale, and taking

an agreed part of the purchase-money. It may be as necessary to sell, in order to get the widow's dower-interest out of the land, as to get a child's share on distribution among several; and each case is equally within the purview of the statute.

3. Under the circumstances shown in this case, Mobley can not be heard to ask that the sale should be set aside. He procured the order of sale; he made the sale, and reported it to the court by which it was confirmed; he purchased a portion of the lands at his own sale, and sold them to an innocent purchaser, who has made valuable improvements, and who is still in possession; he failed to file the note for the purchase-money against Inman's estate, (thereby rendering himself liable for negligence in the event of its loss,) and he is now prosecuting a suit against the sureties on the note. Under these circumstances, he is estopped from setting aside the sale, for no man can take advantage of his own wrong.—*Hopper v. Steele,* 18 Ala. 828; *Lawson v. Lay,* 24 Ala. 184; *S. C.,* 25 Ala. Rep. 543.

4. The administrator who makes the motion to set aside the sale, is the same person who procured the order of sale. On the declaration of insolvency, he gave no new bond, and received no new appointment; he was simply continued in his office. The doctrine of estoppel, as established by the authorities above cited, applies to him personally, and not to the office which he held.

TURNER REAVIS, *contra.*—1. The application shows that Eaton's heirs were his widow and an only child. The widow was not an heir, and, therefore, was not entitled, either to a division of the land, or to any part of the proceeds of a sale of it. She was only entitled to dower, or (in case a sale could legally be made) to a part of the proceeds of sale, not exceeding one-sixth, in lieu of her dower. The widow not being an "heir," and the intestate having only one child, and that child being the only heir, and a minor, it is manifest that the court had no power, on the facts stated in the application, to order a sale for the

purpose of division. There being but one heir, there could be no division, nor any necessity for it. The order of sale, therefore, was wholly void for want of jurisdiction; and it was competent for the court to vacate it, on motion of a party interested, at any time.—Code of 1852, §§ 1355, 1867, 1868, 1873, 1874, 1875; 1 Bouv. Law Dic., p. 582, title "*Heir*"; *Johnson v. Johnson*, 40 Ala. 247; *Summersett v. Summersett*, 40 Ala. 596; *Satcher v. Satcher*, 41 Ala. 26; *Wilson v. Armstrong*, 42 Ala. 168; *Hall v. Chapman*, 35 Ala. 553; *Bishop v. Hampton*, 15 Ala. 761, and cases cited; *McSwean v. Faulk*, 46 Ala. 610.

2. The estate of Eaton having been decreed to be insolvent, and Mobley having been continued in the office of administrator under the decree, he was the only person who could move to set the sale aside; and it was his duty to do so, inasmuch as he could not collect the purchase-money on account of the sale being void, and it was therefore necessary to re-sell the land for the benefit of the creditors of the estate. If he could not take the steps necessary to effect a re-sale, no one could. He, having settled his administration in chief, and having been continued in the office of administrator under the decree of insolvency, on account of the failure of the creditors to elect another administrator, had all the rights that any other person elected or appointed administrator *de bonis non* of Eaton's estate would have had. Though the same individual who obtained the order of sale, his official character and duties were not the same as they were when he was administrator in chief. In legal effect, he was a different person.—Revised Code, §§ 2189, 2195; *Wyatt v. Rambo*, 29 Ala. 510, and cases cited; *Waller v. Bibb*, January Term, 1871.

3. Between the 14th of November, when the application was filed, and the third Monday (19th of December), the time appointed by the court for a final hearing upon it, were only thirty-five days. The court had no power to appoint a day for a final hearing less than forty days from

34

the filing of the application. The appointment of a guardian *ad litem* for the minor heir, at the time the application was filed, and set for a hearing at a time less than forty days from the filing, and all subsequent proceedings, were unauthorized and void. The fact that the order of sale was not in fact made until after the expiration of forty days from the filing of the application, could not remedy this defect.—Code of 1852, § 1869; Acts of 1853–4, p. 55, § 3.

4. There being a minor heir interested, and the time set for hearing the application not being authorized by law, it was impossible to take " proof by deposition, as in chancery proceedings, showing the necessity of a sale," as required by the fifth section of the act of February 7, 1854, (Session Acts of that year, p. 56.) The application could not properly be brought to an issue at any time less than forty days from the time it was filed. Depositions in chancery proceedings can not be taken until the cause is at issue. Consequently, the proof, if taken, was not taken as required by law; and the order of sale was, therefore, void, for want of conformity to section five of the act referred to.—*Strickland v. Hodge,* January Term, 1871.

B. F. SAFFOLD, J.—The appellee, Mobley, as the administrator of the insolvent estate of Eaton, filed a motion in the probate court to set aside and declare null and void a decree of the said court, rendered in 1859, ordering a sale of certain lands belonging to the said estate, the sale itself, and the decree confirming the sale. The grounds of this motion were—1st, the application for the sale shows on its face the want of jurisdiction in the court to order the sale ; 2d, no guardian *ad litem* for the minor heir was appointed, and no one acted as such guardian until the day the decree of sale was rendered ; 3d, less than forty days intervened between the filing of the petition and the day appointed for its hearing ; 4th, the proof of the necessity of a sale was not taken as required by law. The court rendered a decree in conformity with the motion, basing it upon the 1st and 4th grounds above stated.

It seems that this estate was rendered insolvent by damage sustained during the late war. The application for the sale of the land was made in 1859, by the same person, as administrator, who now moves to set aside the order of sale he obtained and the subsequent proceedings consequent upon it. In *Satcher v. Satcher*, (41 Ala. 26,) the doctrine is clearly and emphatically declared, as the result of the decisions in this State, that a sale of a decedent's real estate, under an order of the probate court, rendered upon a proper petition stating therein a statutory ground for a sale, is not void, except only where there are minors or persons of unsound mind interested, proof by deposition, as in chancery cases, showing the necessity of a sale, must be taken. In this case, the record recites that proof was taken as in chancery cases; and the petition alleges that the said real estate can not be fairly and equitably divided amongst the heirs of the deceased without a sale. But the petition further discloses, that " the said deceased left the following heirs, viz., Amanda Eaton, widow of said deceased, and Alice Eaton, an only child, and under twenty-one years of age." The action of the court was invoked under its authority to order a sale of the lands of an estate when the same can not be equitably divided amongst the heirs or devisees.—Rev. Code, § 2221. Is the statement in the petition, that the widow of the decedent, and his infant daughter, were the heirs of his estate, so inconsistent with the allegation that the land could not be equitably divided between the heirs, and the recital of the record that proof was made of the necessity of such sale, as to destroy them? Or, may the probate court, under section 2221, separate the interests of the widow and infant child by a sale with the consent of the widow?

A sale of the real estate of a decedent, under a decree of the probate court, vests in the purchaser only the title which the ancestor had, and which descended upon his heirs-at-law. The widow's right to dower is unaffected by the sale. She is entitled to have her dower set off by metes and bounds, when it can be done; and when it can not, as in the case of a city lot where there are improve-

ments, equitable dower must be assigned.—*Owen v. Slatter*, 26 Ala. 547. The probate court has no jurisdiction to extract from the estate the dower-interest of the widow, except in two instances —1st, where the dower can be assigned by metes and bounds; 2d, where, in a proper case of sale, she signifies in writing her consent that her dower-interest may be sold.—*Snodgrass v. Clark*, 44 Ala. 198; Rev. Code, §§ 1631, 2229; *Barney v. Trowner and Wife*, 9 Ala. 901. She is not an heir or devisee, nor is she a tenant in common with the heirs or devisees. The mere allegation of a ground of jurisdiction can not confer and support the jurisdiction of the court, when the facts required to be stated, and upon which it depends, refute the allegation.

2. Should Mobley be allowed to make this motion? It is claimed for him that he is in office under another appointment. We think the objection is to the person. It rests upon the doctrine, that no one should be allowed to take advantage of his own wrong. An unauthorized and void sale supposes some improbity of the vendor. Besides, when the administrator in chief is continued, after the declaration of insolvency, he is not required to give a new bond, or to qualify again in any respect. There is not a new appointment, but a continuation of the old. That an administrator can not avoid a sale of property made by himself, has been repeatedly decided by this court.—*Pistole v. Street*, 5 Porter, 64; *Fambro v. Gantt*, 12 Ala. 298. On this ground, the judgment is reversed, and the cause remanded.