# Taylor, Administrator, *v.* Pettus.

*Petition by Widow to Probate Court to compel Administrator to pay Money into Court in Lieu of Exempt Property sold.*

1. *Retroactive operation; what act has not.* — The act " to regulate property exempted from sale for payment of debts," approved April 23, 1873, is not retroactive in its operation.

2. *Exemption; what law governs.* — The laws in force at decedent's death govern as to the amount and kind of property exempt from administration for the benefit of the family.

APPEAL from Madison Probate Court.

On the 20th day of August, 1873, Mary Pettus, in behalf of herself and a minor child, filed her petition in the probate court praying that appellant Taylor, the administrator *de bonis non* of her deceased husband, be ordered to pay into court for the benefit of herself and minor child, out of moneys in his hands, derived from a sale of the real and personal property of intestate for the purpose of paying debts, the " average value in money of one hundred and sixty acres of land which he sold belonging to the estate," and also the further sum of $1,000, " claimed as exempt, to any resident of the State, from payment of debts, who dies leaving a widow or minor child surviving."

Petitioner's husband, a resident citizen, died in Madison county on the 7th day of August, 1870, seised of about 800

acres of land situated in the county, in 240 acres of which dower was allotted the widow, including the homestead of the decedent.  The personal property exempt from administration under § 2061 R. C. was also set apart to the widow on the 6th of December, 1870.  The estate was duly declared insolvent on the 12th of May, 1873, and before the 16th of January, 1873, all the lands of the decedent, subject to the widow's dower, had been sold under order of court for payment of debts, the sales confirmed, and conveyances executed, under the order of court, to the purchasers.  The administrator in chief having died, his administrator settled his accounts on the 16th of October, 1872, on which settlement a decree was rendered against him for the sum of $9,160.53.  At the date of the filing of the petition the administrator de bonis non had not settled his accounts, and he claimed credit for various sums expended by him in and about the administration, as preferred claims against the estate.  It is alleged in the petition, however, that the administrator de bonis non in the report of insolvency admits that he has on hand the sum of $2,208 derived from a sale of the real estate, and the sum of $1,389.98 derived from a sale of the personalty, and from this fund it is asked that the administrator make the payments prayed for in the petition.  No person was made a party to the petition, but the administrator de bonis non filed an answer, in which was incorporated a demurrer, and the parties appeared and introduced evidence on the trial.  The grounds of demurrer were in substance that no person was made defendant; that the minor child was not made a party; and that the decedent's husband died before the passage of the act under which the exemption was claimed. The answer of the administrator de bonis non alleged no facts other than those stated in the petition, except as to the unsettled state of his accounts and the settlement made by the administrator in chief, and the proof on the trial established these facts as well as those stated in the petition.

The court overruled the demurrer, and ordered the administrator de bonis non to pay into court the sum of $769, as the value of the land allowed to the widow and minor child, and " the further sum of $1,000, as the exemption of personal property, to be distributed according to law," &c.

Appellant excepted to the overruling of the demurrer and the decree rendered, and now assigns them for error.

DAVID D. SHELBY, for appellant.

WILLIAM RICHARDSON, contra. — The probate court had jurisdiction to make the order appealed from.  40 Ala. 530; 42 Ala. 315; 17 Ala. 482.  The terms of the act of 1873

[Darden v. Lovelace.]

show that it was intended to operate retrospectively, and to effectuate the constitutional exemption. The statute is not unconstitutional and does not impair the obligation of contracts. *Martin* v. *Hughes*, 67 N. C. 293. It should be liberally construed. Brickell's Digest, § 255, p. 908. The act of the administrator in selling exempt property cannot prejudice the widow and minor child. 46 Ala. 402. The fact that dower has been assigned the widow does not diminish her rights. 45 Ala. 274 ; 40 Ala. 530 ; 42 Ala. 315.

JUDGE, J. — The act of the 23d of April, 1873, on which the proceeding in this case seems to be based, was not intended to have, nor can it have, any retroactive operation. All the rights which the family of the deceased had in property of the estate, exempt from administration, accrued to and vested in them under and by virtue of the laws upon that subject which were of force at the time of the death of the husband. The probate court, in deciding otherwise, committed an error.

It is not necessary, in this case, that we should discuss or decide the question as to the jurisdiction of the probate court to render moneyed decrees in cases similar to the present.

For the error above named, the decree of the court below must be reversed and the petition here dismissed.