[Taylor v. Taylor.]

53   135
112   164

# Taylor's Administrator v. Taylor's Children.

### Petition to Probate Court to allot Exemptions, &c.

1. *Exemption out of decedent's estate; what law governs.*—The laws in force at the time of the ancestor's death govern as to the exemptions in favor of the widow and children. Subsequent legislation can not enlarge or diminish their rights in this respect.

2. *Same; when probate court has not jurisdiction to allot.*—Where the administrator in chief sold property, exempt from administration in favor of the widow and minor children, without claim on their part, and the proceeds of sale were mingled with the assets generally and applied in the course of administration, the probate court has no jurisdiction to allow the exemption out of the funds of the insolvent estate in the hands of the administrator *de bonis non.* The right and remedy of the widow and children is against the administrator who converted the exempt property, and not against the administrator *de bonis non,* or the assets in his hands.

APPEAL from Probate Court of Dallas.
The opinion states the case.

JOHNSTON & NELSON, for appellant.

MORGAN, LAPSLEY & NELSON, contra.

BRICKELL, C. J.—The ancestor of the appellees died, and administration of his estate was granted in 1866. Any claim which they can prefer to property of their ancestor, as exempt from administration, must be founded on the laws existing at his death. Subsequent legislation will not enlarge or diminish their rights in this respect. *Taylor, Administrator,* v. *Pettus,* 52 Ala. 287.

The statute of force, at the ancestor's death, subjected all the property of a decedent to the payment of his debts, except articles of personal property specially enumerated, and in the event of the insolvency of the estate, real property, not exceeding in value five hundred dollars, to include the homestead. The exemption was to the widow and minor children. R. C. § 2060–1. The personal property was without claim from the appellees, or the widow, who was then living, sold by the administrator in chief, and the proceeds of sale mingled with the assets generally, and applied in the course of administration. Whatever may have been the jurisdiction of the court of probate, while the personal property so exempt remained *in specie,* in the possession of the administrator, to have ordered its allotment to the widow

[Mathews *v.* Sheldon.]

or children, it certainly could have no jurisdiction of any proceeding either for the recovery of damage for its conversion, or the proceeds of its sale, if it should be sold or otherwise converted by the administration. The sale or conversion of such property by the administrators is a tort, for which trover or other appropriate action may be maintained. *Carter* v. *Hinkle*, 13 Ala. 529. If the property is sold and money or its equivalent is received, the *tort* may be waived, and assumpsit for money had and received maintained. Of these actions the court of probate has no jurisdiction.

The right and remedy of the appellees is against the administrator who converted the property, and not against the appellant, or the assets in his hands to be administered. The decree of the court of probate is reversed, and a decree here rendered dismissing the petition of appellees.