# Davis's Adm'rs *v.* Davis.

*Detinue by Husband's Administrators, against Widow, for Personal Property claimed as Exempt.*

1. *Exemptions for benefit of decedent's family; governed by what law.*—Exemptions for the benefit of a decedent's surviving widow or family are governed by the law which was of force at the time of his death.

2. *Same; title of widow.*—The act approved April 23, 1873, (Sess. Acts 1872-3, pp. 64-69), by its 6th section, exempted from liability to debts or administration, for the benefit of the decedent's widow, or minor child or children, besides other things, personal property which was supposed to be necessary for present subsistence, use, and consumption, and books, family por-

traits, &c., which had an especial value to the family; and as to these articles, the right of exemption is not dependent on the solvency or insolvency of the estate, nor did any title to them pass to the personal representative.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. JAMES E. COBB.

This action was brought by the administrators of the estate of Bennett Davis, deceased, against Mrs. Eliza T. Davis, his surviving widow, to recover certain articles of household and kitchen furniture, and other things particularly enumerated in the complaint; and was commenced on the 26th May, 1877. The defendant pleaded "the general issue, in short by consent"; and issue was joined on that plea. On the trial, the following facts were agreed on: "That the property sued for in this action belonged to the estate of Bennett Davis, deceased, at the time of his death, which occurred on the 18th October, 1876. That plaintiffs have been appointed administrators, with the will annexed, of the estate of said Davis. That said estate is solvent, and it is not necessary to sell the property of said estate to pay the debts. That the defendant is the widow of said Davis, and has filed her claim and affidavit, alleging that said property is exempt to her under the statute of Alabama in force at the death of said Davis, and under the act of October, 1876-7, exempting property from administration for the payment of debts. That the property is of the value at which it was appraised by the appraisers of said estate. That said estate has not been finally administered and settled. That the defendant had the possession of the same at the commencement of the suit. That there are no minor children, and that the widow duly dissented from the will." On these facts, the court charged the jury, if they believed the evidence, they must find for the defendant. This charge, to which the plaintiffs duly excepted, is now assigned as error.

WILSON & WILSON, with WATTS & SONS, for appellants.

BRICKELL, C. J.—The constitution of 1868, as does the present constitution, exempted from liability to debts, personal property, to be selected by the owner, not exceeding in value one thousand dollars. The act of February 8th, 1872 (Pamph. Acts 1871-2, p. 9), on the death of the owner, leaving a widow, or a minor child, exempted from administration, for the use and benefit of such widow, or minor child, personal property to the value of one thousand dollars. This act was repealed by the act of April 23d, 1873 (Pamph. Acts 1872-3, pp. 64-9), which exempted from administration, when

the owner died leaving a widow, or a minor child or children, not only the personal property exempt from liability for debts, but other personal property, which was supposed necessary for present subsistence, use, and consumption, and books, family portraits, &c., which to the family had an especial value. This is the statute of force at the death of the testator, and is the law which governs and controls the rights of the appellee as to the exemptions claimed by her. *Taylor v. Pettus*, 52 Ala. 287. Her right is not dependent on the solvency or insolvency of the estate. The title to the property exempt did not, in any event, vest in the personal representative. His duty, in reference to it, was to take care that it was separated from the property to which his title extended, and secured to the widow, or minor children. Not having title to, or the right of possession of the property sued for, as against the appellee, the widow of the testator, the appellants were not entitled to recover in this action.

The judgment is affirmed.