29 So.2d 561

### McGREGOR v. McGREGOR et al.

6 Div. 504.

Supreme Court of Alabama.

Feb. 13, 1947.

Rehearing Denied March 13, 1947.

Smyer & Smyer and W. Bruce White, all of Birmingham, for appellant.

Sadler & Sadler and K. C. Edwards, all of Birmingham, for appellees.

LAWSON, Justice.

§ 272, Title 61, Code of 1940, prior to amendment read as follows: "When the sale is confirmed, the court, on the application of the widow, must make an order that a fair equivalent for the dower interest be paid to her by the personal representative, when the purchase money is collected, the value of such interest to be ascertained by proof, having regard to the age and health of the widow, but in no case to exceed *one-sixth* of the purchase money." (Emphasis supplied.)

By an act approved July 6, 1945, said § 272, Title 61, supra, was amended to the extent that the maximum amount which could be allowed a widow as a fair equivalent for her dower interest was fixed at *one third* of the purchase money. Act No. 447, approved July 6, 1945, General Acts 1945, page 686. § 272, Title 61, Code 1940, was in no other way affected by the said 1945 amendment thereto.

The question presented by this appeal is which law governs the computation of the amount allowable to a widow out of the proceeds of the sale of land which belonged to her husband as a fair equivalent for her dower interest, a statute as it read at the time of the death of the husband, § 272, Title 61, Code 1940, or as amended subsequent to his death but prior to the date on which the sale of the land was confirmed, Act No. 447, approved July 6, 1945, General Acts 1945, page 686.

The trial court held the law in force at the time of the husband's death fixed "the limit of the percentage of the purchase price allowable for the dower interest so sold," and accordingly ordered that one sixth of the purchase price be paid to the widow, appellant, as the fair equivalent of her dower interest. Hence this appeal by the widow.

Arthur S. McGregor, husband of appellant, died intestate on December 12, 1943. At the time of his death he was a resident of Jefferson County. There were no surviving children. In addition to the widow, Bessie Mussey McGregor, he was survived by several brothers and sisters and by children of a deceased brother or sister.

On December 30, 1943, the Probate Court of Jefferson County granted letters of administration to the appellant, the widow. The estate was solvent and included, among other items of property, three parcels of real estate, but no homestead. The widow, appellant, had no separate estate.

When lands of an estate cannot equitably be divided among the heirs or devisees, it may be sold by order of the probate court having jurisdiction of the estate, when application for such sale is made in writing by the executor or administrator, and when an adult heir or devisee files written consent that such sale be had. §§ 245, 246, Title 61, Code 1940.

In the course of the administration in the probate court, the appellant, as administratrix, filed a petition on, to wit, May 28, 1945, for the sale of one parcel of the real estate, to wit, Lots 8, 9 and 10 in Block 154, Birmingham, Alabama. This petition was filed under §§ 245, 246, Title 61, supra, and alleged that the land could not equitably be divided or partitioned among the heirs or devisees. Albon V. McGregor, one of the adult heirs, gave his consent that the land be sold.

In order for such a sale to vest the complete title to the property in the

purchaser, the widow may file in the office of the judge of probate her written consent that her dower interest in the land be sold. § 271, Title 61, Code 1940. In the petition for the sale of the land which the appellant filed as administratrix, she prayed as follows: "Wherefore your petitioner prays that she be authorized to sell said lands for cash for the purpose of making a division of said estate among said heirs, according to the statute for such cases, and that the court will ascertain the portion of the purchase price to be given Bessie Mussey McGregor, in lieu of her dower interest in said property; * * *." This request by the widow that the court ascertain the portion of the purchase price to be awarded her in lieu of her dower interest in the property was tantamount to the filing of her written consent that her dower interest in the property be sold, as provided by § 271, Title 61, Code 1940. It is not otherwise contended. The petition filed by appellant, as administratrix, is much broader than that considered in Owen v. Slatter et al., 26 Ala. 547, 62 Am.Dec. 745.

On July 3, 1945, the probate court granted the petition for the sale of said land and the sale was made on August 22, 1945. It was confirmed on September 5, 1945. At the time the sale was confirmed no allowance was made out of the proceeds of the sale as a fair equivalent for the widow's dower interest in the land sold. However, on or about October 9, 1945, appellant, the widow of deceased, filed a petition in the probate court to have that court set aside her dower interest in the several parcels of land, including her portion of the proceeds received from the sale of Lots 8, 9 and 10, Block 154, in the City of Birmingham.

Such was the situation in the probate court on February 4, 1946, when the administration of the estate of Arthur S. McGregor, deceased, was removed to the Circuit Court of Jefferson County, sitting in equity. After removal the petition for assignment of dower was amended, and as amended in effect recited that an agreement had been reached between appellant, the widow of deceased, and all of the adult heirs at law as to their respective interests in the land of deceased, except as to the amount which the widow, appellant, was to receive from the proceeds of the sale of Lots 8, 9 and 10, Block 154, in the City of Birmingham, as a fair equivalent for her dower interest therein.

This disagreement was due to the fact that the heirs at law contended that the widow's share should not be more than one sixth of the purchase money as was provided by § 272, Title 61, Code 1940, which was in effect at the time of the death of the decedent and at the time the probate court ordered the sale of said land upon the petition previously filed by the appellant; while on the other hand the widow, appellant, insisted that her share of the proceeds received from the sale of said land could be in an amount not in excess of one third of the purchase price, as provided by the 1945 amendment to § 272, Title 61, supra, which was enacted prior to the time the said land was sold; Act 447, approved July 6, 1945, General Acts 1945, page 686.

As before indicated, the trial court held that the law in effect at the time of the death of Arthur S. McGregor controlled, § 272, Title 61, Code 1940.

Upon the death of decedent the legal title to the land descended to the heirs at law "subject to the payment of debts, charges against the estate, and the widow's dower." § 1, Title 16, Code 1940.

Upon the death of her husband the appellant's dower interest was a life estate in one half of the property of which he died seised. §§ 40 and 41, Title 34, Code of 1940. The dower interest of a widow may be extracted from the estate when it can be assigned by metes and bounds on petition properly filed by the widow, heir or personal representative of the husband. § 51, Title 34, Code 1940. This method of extracting the dower interest of the widow from the estate is not affected by the act of July 6, 1945, supra. Another manner of extracting the widow's dower interest from the estate is where, in a proper case of sale, the widow signifies in writing her consent that her dower interest may be sold. §§ 244, 245, 246, 271,

Title 61, Code 1940; Snedicor et al. v. Mobley, 47 Ala. 517. § 272, Title 61, Code 1940, in effect at the time of the death of decedent, provided how and to what extent the widow was to be compensated for the dower interest so sold. That section fixed the maximum amount which she could receive at one sixth of the purchase price of the land. The act of July 6, 1945, supra, in instances where it is applicable, operates to authorize an increase in the amount of money which the widow may receive from the sale of the dower interest. The result is the same between the widow and heirs at law as if the quantity of the dower interest of the widow had been increased. Her dower interest is made more valuable at the expense of the heirs at law. As was said in Upshaw et al. v. Upshaw et al., 180 Ala. 204, 60 So. 804, 805: "For the purposes of homestead and dower the proceeds of the sale will be treated as the land itself." See also Williamson & Wife v. Mason, 23 Ala. 488; Chaney's Heirs v. Chaney's Adm'r, 38 Ala. 35; McLeod et al. v. McLeod et al., 169 Ala. 654, 53 So. 834.

Although the said act of July 6, 1945, was passed prior to the time fixed for the court to award compensation to the widow for her dower interest, which was the date the sale of the land was confirmed by the court, nevertheless to apply the terms of the said act to an estate already in process of administration would be to give to it a retroactive operation inasmuch as the rights of the widow and heirs at law in the land were fixed at the time of decedent's death.

The question is thus presented as to whether the said act of July 6, 1945, is to be given a retroactive effect so as to apply to an estate already in the process of administration.

■ We do not have to reach the question of legislative power, but rather whether it was the intent of the Legislature that the act of July 6, 1945, be retrospective. As was said in the case of New England Mortgage Security Co. v. Board of Revenue of Montgomery County, 81 Ala. 110, 1 So. 30, 31: "On principles of general jurisprudence, a statute is not to have effect beyond the time of its enactment; and, to give it retroactive operation, there must be found therein clear and indisputable expressions of such legislative design. When the words of a statute can be construed as intended to be prospective only, they will not be so construed as to give retroactive effect. The courts will 'always construe statutes as prospective, and not retrospective, unless constrained to the contrary course by the rigor of the phraseology.'" To like effect see Phillips v. Gray, Administrator, 1 Ala. 226; Boyce v. Holmes, 2 Ala. 54; Kidd v. Montague, 19 Ala. 619; Eskridge v. Ditmars, 51 Ala. 245; Ex parte Buckley, 53 Ala. 42; Warten v. Matthews, 80 Ala. 429; Barrington v. Barrington, 200 Ala. 315, 76 So. 81.

The legislative act here involved is not remedial in character, but changes the rights of the parties as they existed at the time of the death of the decedent.

■ There is nothing in the language of the said act of July 6, 1945, to indicate that it was intended to have a retroactive effect and we are of the opinion that a just application of the above rule of construction to this act must deny any legislative intendment of a retrospective operation.

■ The rule is well established that a widow takes dower in her husband's estate according to the laws in force at the time of the death of the husband. In Boyd v. Harrison, 36 Ala. 533, it was said: "The law existing at the husband's death must govern the question of the widow's right to dower." This rule was reaffirmed in Ware v. Owens, 42 Ala. 212, 94 Am.Dec. 672. In Robertson et al. v. Robertson et al., 191 Ala. 297, 68 So. 52, 53, decided in 1915, it was said: "The death of the intestate having occurred in 1896, the statutes touching the dower rights and prescribing methods for their assertion and effectuation in the Code of 1896 are applicable and govern. The statute of limitation in respect of the assignment of dower as it now prevails is not applicable. Code 1907, § 3837; Vaughn v. Vaughn, 180 Ala. 212, 60 So. 872." The general rule is stated in 28 C.J.S.Dower § 5, p. 68 as follows: "The rule as applicable in all cases

seems to be that a widow takes dower in her husband's estate, as against those whose rights to such estate originate at the same time as her right of dower, according to the laws in force at the death of the husband; but as against those who have specific rights against such estate prior to the death of the husband her right to dower will depend on the law in force at the time such rights originated."

We thing the conclusion here reached is in accord with the well-established rule that the homestead rights of a widow are determined by the law in force at the time of the death of the husband. Munchus v. Harris, 69 Ala. 506.; Shamblin v. Hall et al., 123 Ala. 541, 26 So. 285; O'Rear v. Jackson, 124 Ala. 298, 26 So. 944; Bailes et al. v. Daly et al., 146 Ala. 628, 40 So. 420; Waters v. Gadsden-Alabama City Land Co., 182 Ala. 284, 62 So. 75; Haynes v. Haynes, 236 Ala. 331, 181 So. 757; Craig et al. v. Root, 247 Ala. 479, 25 So. 2d 147. Likewise, it is a rule founded on a number of decisions of this court, that other exemptions for the benefit of a decedent's surviving widow and minor children as against other heirs and distributees are governed by the law which was in force at the time of the decedent's death. Taylor, Administrator, v. Pettus, 52 Ala. 287; Taylor's Adm'r v. Taylor's Children, 53 Ala. 135; Davis's Adm'rs v. Davis, 63 Ala. 293; Skinner v. Chapman, 78 Ala. 376.

The case of Steadman v. Steadman, 41 Ala. 473, cited by appellant, does hold that in computing the value of a widow's statutory separate estate, on her application for dower in the lands of her deceased husband, the value of her property at the time of allotment of dower, and not at the death of her husband, should control. But this holding was expressly overruled in the case of Billingslea v. Glenn, Pro Ami, 45 Ala. 540.

Our conclusion is that the decree is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and LIVINGSTON, SIMPSON and STAKELY, JJ., concur.

BROWN and FOSTER, JJ., concur specially.

FOSTER, Justice (concurring specially.)

I do not think the conclusion reached should be based on the reasoning of the opinion of Justice Lawson, though I agree with the conclusion.

This is a proceeding begun in the probate court administering the estate for the sale of land, in which, by authority of section 271, Title 61, Code, the widow in effect consented that her dower interest be sold, so that by virtue of section 272, Title 61, Code, she may be awarded a fair equivalent for her dower interest not exceeding one-sixth of the purchase money. On removal of the estate into equity the proceeding continued as begun. After she so consented under section 271, supra, the Legislature passed an act approved July 6, 1945, General Acts 1945, page 686. It amended section 272, supra, so as to fix the maximum at one-third instead of one-sixth of the purchase money. She is now claiming one-third under the amended act.

The Act of July 6, 1945, does not change the widow's dower rights, but only changes the effect of her consent for the sale to include such rights, and be free from them. Her dower rights are fixed by section 40 et seq., Title 34, Code, at one-half or one-third, as the case may be, and are for the life of the widow. If dower can be assigned by metes and bounds (Sanders v. McMillan, 98 Ala. 144, 11 So. 750, 18 L.R.A. 425, 39 Am.St.Rep. 19), it must be done unless her consent is given as under section 271, supra, and it cannot be sold and an equivalent awarded her, in the process of administering the estate without her consent. Jenks v. Terrell, 73 Ala. 238; Johnson v. Elliott, 12 Ala. 112.

We are not dealing with the extent of her dower rights nor any change in the law fixing them. That is controlled by the law and facts in effect and existing at the death of her husband. Boyd v. Harrison, 36 Ala. 533; Ware v. Owens, 42 Ala. 212, 94 Am.Dec. 672. The Act of July 6, supra, does not change the law fixing her dower rights, nor the effect of facts then existing. The amendment does not look to the past, but only to the widow's consent for the sale of her interest, given after the amendment was enacted. It affects a status created after and not before it became operative.

We should construe the two sections 271 and 272, supra, so as to make one section out of them. They provide a method by which the widow may sell her dower rights as fixed by law existing at the death of her husband. She need not take advantage of that method. Section 272, supra, applies only when she does so. She has a choice of only two courses open to her to cash in on the present value of her dower: (1) she can refuse to join in the sale and then negotiate with the purchaser to sell her dower rights and force him to pay her their full present cash value without a ceiling; or (2) she can join in the sale and recover the present cash value of her dower from the proceeds of sale, but in that event with a ceiling of one-sixth. In either event, there is another ceiling—the present cash value of these rights. She could decline to take advantage of the statute, and a sale by the others may be delayed on that account. While in that status, when nothing has been done, the legislature may provide that if she shall thereafter join in the sale, the present value of her dower should not have a ceiling of one-sixth, but the ceiling ought to be raised to one-third: not that she will get one-third, but she will only get the present cash value of her interest not exceeding one-third. Sherard v. Sherard, 33 Ala. 488. The present value is not changed as the basis of her primary right. But the law says that one-sixth may not always be as much as the present cash value which is her primary right. That value which is always the primary basis of her right may exceed one-sixth. The law says therefore that the ceiling is unjust to her. She ought to have the present cash value, if less than one-third, but she should have no more than one-third. But in any event, it is but a statutory method, optional with her, to sell her dower interest before it is assigned by metes and bounds. That dower interest is in no respects changed nor is the present cash value of it changed, as fixed by law and facts existing at the time of the death of her husband. The only change made is in respect to a sale by her as authorized in section 271, supra. The manner in which that may be done or the amount she is to receive which does not affect the extent and value of that right, or change its present cash value, may be changed by law after her husband's death and before she comes under section 271, supra, without affecting the legal principles declared in the majority opinion.

So far as now pertinent, her consent vested a status operative alike for and against her and the heirs of the estate. Its operation as such is due to the provisions of section 272, supra, to that effect.

The general rule is that the legislature making a grant or fixing a status may withdraw it at will. But the limitation on that rule is that this cannot be done when to do so destroys a right which has vested under it. Blake v. State, 178 Ala. 407, 59 So. 623; Luke v. Calhoun County, 56 Ala. 415. See, also, First National Bank v. Jackson County, 227 Ala. 448, 150 So. 690; Ballenger v. State Board, 234 Ala. 377, 176 So. 387; Samples v. State, 19 Ala.App. 478, 98 So. 211, certiorari denied 210 Ala. 544, 98 So. 803.

The limitation of section 272, supra, creates no right which subsequent legislation cannot modify unless there shall have been an acceptance of its terms as provided in section 271, supra, before such modification is made.

It is similar in many respects to an option right granted without consideration by one private person to another. It may be withdrawn at pleasure until it is accepted, but not afterwards except by mutual consent. Cowin v. Salmon, 244 Ala. 285 (9), 13 So. 2d 190.

This widow accepted the option before the amendment was adopted, and before its terms were altered. The amendment cannot control a situation thus created. To do so would give it retroactive effect, which is not permissible. There was no error in holding that it is not so.

I therefore concur in the conclusion.

BROWN, Justice (concurring).

The legislative intent clearly expressed in §§ 271 and 272, Title 61, Code of 1940, was to authorize the sale of the entire title to property in which the widow of a decedent had a dower interest by a proceeding in the probate court in the course of the administration of the estate upon the

written consent of the widow "so as to vest in the purchaser the complete title." § 271. And it is provided in § 272, "When the sale is confirmed, the court, *on the application of the widow,* must make an order that a fair equivalent for the dower interest be paid to her by the personal representative, when the purchase money is collected, the value of such interest to be ascertained by proof, having regard to the age and health of the widow, but in no case to exceed one-sixth of the purchase money." [Italics supplied.]

By the act approved July 6, 1945, Acts 1945, p. 686, the last mentioned section was amended to read: "When the sale is confirmed, the court, on application of the widow, must make an order that a fair equivalent for the dower interest be paid to her by the personal representative, when the purchase money is collected, the value of such interest to be ascertained by proof, having regard to the age and health of the widow, but in no case to exceed one-third of the purchase money."

This amendment was in force at the date of the sale and the confirmation thereof, when the widow made application for the fixation of her claim. The clear legislative intent here was to authorize the court on proof to fix a fair equivalent for the dower interest to be paid in money and she had until the sale was confirmed to make application therefor, though she had previously consented to such sale.

The title to the property passed to the heirs at law incumbered by the widow's dower rights upon the death of the husband. Forman v. McAnear, 219 Ala. 157, 121 So. 538; Warner v. Warner, 248 Ala. 556, 28 So.2d 701. After the rights of the parties became fixed as a matter of law, it was not within legislative competence to alter the vested rights of the parties. To apply the subsequent statute, Acts of 1945, p. 686, amending § 272, Title 61, Code of 1940, would violate due process of law as provided in the constitution. Therefore, § 272 before its amendment by the Act of 1945, supra, is applicable in fixing the limit on the widow's dower rights in this case.

The measure of the widow's right is "a fair equivalent for the dower interest" at the time of the sale. The ceiling limiting the fixation of the value is on the sale price. If the land increases in value between the death of the husband and the sale, the wife is entitled to the benefit of the increase. If it decreases, she must stand the effect of the decrease.

I, therefore, concur that the decree of the court from which the appeal is prosecuted is due to be affirmed.