Jesse A. **JUSTICE** and Willie Joe Justice, Plaintiffs,

v.

**NORTH AMERICAN ACCEPTANCE CORPORATION, a corporation, Defendant.**

Civ. A. No. CA 72–227.

United States District Court, N. D. Alabama, S. D.

Aug. 21, 1973.

George R. Stuart, Hardin & Stuart, Birmingham, Ala., for plaintiffs.

Richard F. Ogle, Denaburg, Schoel, Meyerson & Ogle, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

This cause was submitted to the Court pursuant to the Defendant's Motion for Summary Judgment, under Rule 56, Federal Rules of Civil Procedure, said motion taking the position that the Court lacks subject matter jurisdiction over this cause. The Defendant's Motion to Dismiss and Motion to Reconsider its Motion to Dismiss were both overruled by the Court. Counsel for both parties have submitted briefs, which have been carefully considered by the Court. At the outset, the Court would like to note that, so far as it is able to determine, the questions presented herein are of first impression. For the following reasons, the Court is of the opinion that the motion is due to be granted.

The Plaintiffs in order to satisfy the requirements of Title 28, U.S.C. § 1332 relative to jurisdictional amount, have based their damages on the penalty provisions (§ 15) of the Alabama Consumer Credit Act of 1971 (Title 5, § 316, Code of Alabama, 1940 (Recomp. 1958)), commonly referred to as the "Mini-Code." This Act became effective on October 1, 1971. The mortgage and note transaction between the Plaintiffs and Defendant, about which this litigation was commenced, was consummated in 1969.

The Court is of the opinion that the rule that the "Mini-Code" applies to the transaction sub judice would result in the retrospective application of said Act, which is unwarranted, absent some clear indication of the Legislature to the contrary. See Mobile Housing Board v. Cross, 285 Ala. 94, 229 So.2d 485 (1969); and McGregor v. McGregor, 249 Ala. 75, 29 So.2d 561 (1947), and cases cited therein. The Court reaches this conclusion notwithstanding the contention of the Plaintiffs that the penalty provision of § 15 of the Act creates a new cause of action; i. e., the failure to refund the total finance charge within a reasonable time after written demand, and, therefore, has no retrospective application since it does not penalize the creditor for evoking a usurious finance charge, but, rather, penalizes the creditor for the failure to refund after written demand, which demand was not made until after the Act became law. The Court cannot agree with this contention.

In its last brief, counsel for Defendant, in attempting to show that the Legislature could not have intended a retrospective application of the Act, pointed out certain practical problems which would exist were the Court to hold otherwise than it is so holding. These problems, though hypothetically presented, constrain the Court to conclude that not only is there no clear evidence that the Legislature intended restrospective application of the Act, but, to the contrary, it is clear that such retrospective application was not intended.

For instance, and with reference to the first of the hypotheticals put forth in Defendant's last brief, it is conceivable that a situation could arise wherein a "pre-code loan" might be usurious when tested by the legal rates of interest applicable at the time of said pre-code loan, but, yet not be usurious when tested against the increased legal rates of interest provided by the Act. Additionally, let us further assume that the debtor in such a transaction, and pursuant to Section 15 of the Act, makes a written demand upon the creditor to refund the finance charge, which the debtor claims to be usurious. Inasmuch as

Section 15 is prefixed by the language "Any creditor charging a finance charge *in excess of the amount authorized herein* . . . ", and since, as previously hypothesized, the finance charge or interest rate in this hypothetical does not exceed the amounts authorized by the Act, the debtor would not be entitled to any refund. Thus, none of the penalties provided for in Section 15 could come into play. This possibility, plus the fact that all reference in Section 15 of the Act to "finance charge" speaks in terms of an excess of the amount *"authorized herein"*, suggests to the Court that no conclusion can be drawn other than that the intent of the Legislature was to restrict the applicability of this Act, including the penalty provisions, to transactions which were subject to the finance charge authorized in the Act.

Another practical problem would exist if the determination were made by the Court that Section 15 of the Act does, in fact, apply to the facts in the case sub judice. If such determination be made, then the Plaintiff would be entitled to recover "a penalty of either twice the finance charge or ten times the amount of the *excess* charge, whichever is greater . . . " (Emphasis added.) The question must be asked: "In excess of what?" The answer is clear, by reference to the first line of Section 15: " . . . in excess of the amount *authorized herein* . . . " (Emphasis added.) Thus, the Defendant would find itself in a situation of being penalized based on interest rates which were not even applicable to the transaction sub judice at the time of said transaction. Such a result simply does not arise from logic.

Finally, the Court notes that in Section 15 of the Act, there appears the following sentence: "If the creditor has made an excess finance charge *in deliberate violation of or in reckless disregard for this Act*, the creditor shall have no right to receive or retain the principal or any finance charge whatsoever and the transaction shall be void." (Emphasis added). Can it be said that

the Plaintiff might also have the right to protest the Defendant's right to any principal amount on the grounds that the Defendant made a finance charge in 1969 which was "in deliberate violation of or in reckless disregard for *this* Act"? (Emphasis added.) The Court does not think so.

 Thus, holding that said act does not apply to the facts in this case, it necessarily follows that the Plaintiffs fail to meet the jurisdictional amount requirements of Title 28, § 1332, and,

Therefore, it is ordered, adjudged, and decreed that the Defendant's Motion for Summary Judgment is hereby granted, without prejudice to the Plaintiffs to refile their cause in the courts of the State of Alabama.