Stephanie W. HART, By and Through her mother and next friend, Delores A. MORSE, Plaintiff-Appellant,

v.

Otis R. BOWEN *, Secretary of Health and Human Services, Defendant-Appellee.

No. 86-7045
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 20, 1986.

---

\* When this action was commenced the named defendant was "Margaret M. Heckler, Secretary of Health and Human Services." The caption has been altered pursuant to Fed.R.Civ.P. 25(d) to reflect succession of Otis R. Bowen to that office.

James R. Bowles, Tallassee, Ala., for plaintiff-appellant.

Calvin C. Pryor, Asst. U.S. Atty., Montgomery, Ala., Stanley Ericsson, OGC/DHHS Office of Gen. Counsel, Dept. of Health & Human Services, Baltimore, Md., for defendant-appellee.

Before RONEY, Chief Judge, KRAVITCH, Circuit Judge, and ATKINS **, Senior District Judge.

RONEY, Chief Judge:

The sole issue on this appeal is what law of intestate devolution is to be used, as to whether Stephanie W. Hart would be entitled to inherit the personal property of Thomas W. Henderson as an illegitimate child, for the purpose of establishing Hart's right to Social Security Survivor's

benefits pursuant to 42 U.S.C.A. § 402(d). The Secretary determined that Hart would not inherit under the Alabama intestacy scheme in effect in 1978 and denied benefits. The district court held this determination to be correct. We affirm.

As an alleged illegitimate child of a fully insured deceased individual, Hart must prove that she could either (1) satisfy the applicable state law regarding a right to inherit by intestate devolution, or (2) that she was the child of a fully insured deceased individual and was dependent upon the deceased at the time of his death. Hart concedes that she was not dependent upon Henderson at the time of his death and therefore must qualify under the law of intestate devolution in order to prevail.

The Secretary is required to "apply such law as would be applied in determining the devolution of intestate personal property ... by the courts of the State in which [the deceased] was domiciled at the time of his death." 42 U.S.C.A. § 416(h)(2)(A). Thomas W. Henderson died in Alabama on October 10, 1978 and Hart, claiming to be his illegitimate daughter, filed her application on November 21, 1978. The Secretary denied the claim on April 18, 1979 on the ground that under the Alabama statute, then in effect, Hart would not qualify for inheritance of Henderson's personal property.

The Secretary's determination that Hart does not qualify under the 1978 Alabama intestacy scheme is supported by substantial record evidence. Indeed, Hart admits in her brief that prior to 1982 it would have been almost impossible for her to inherit from her father under the then existing Alabama intestacy scheme. Under the Alabama Law of 1978, there were three means by which an illegitimate child could inherit from an intestate father, short of adoption by the father. *Everage v. Gibson,* 372 So.2d 829 (Ala.1979), *cert. denied,* 445 U.S. 931, 100 S.Ct. 1322, 63 L.Ed.2d 765 (1980). The child could be legitimated by the mar-

** Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sit-

ting by designation.

riage of the parents and recognition of the child by the father, Ala.Code § 26–11–1 (1975), by a written declaration of the father attested by two witnesses and filed in the office of the probate judge, Ala.Code § 26–11–2 (1975), or by an adjudication of paternity. Ala.Code § 26–12–1, *et seq.* (1975). *Everage v. Gibson,* 372 So.2d at 833. Although there seems to be little doubt that Henderson was plaintiff's father, he and Delores A. Morse, the plaintiff's mother, were never married. Henderson never legitimated Hart by following the statutory written procedure for legitimation, and there has been no judicial determination of paternity. Alabama law provided no other way to prove paternity.

Prior to this appeal, Hart challenged the 1978 intestacy law as violating the equal protection clause, relying on *Handley, by and through Herron v. Schweiker,* 697 F.2d 999 (11th Cir.1983). *Handley* involved a case where the child's father died shortly after the child's birth, and held that Alabama law, to be constitutional, would have to permit that child to inherit if paternity was otherwise proved. The district court held correctly, however, that there is no indication that *Handley,* restricted by the Court to its particular facts, *id.* at 1006, would be expanded to cover a situation where the child was eight years old at the time of the father's death, as the plaintiff was here.

On this appeal, however, Hart takes a different tack and contends that a 1982 amendment to the intestacy statute, Ala. Code § 43–8–48 (1975), as amended, should apply to her claim. She is able to make this argument because after her original claim was denied in 1979, the Secretary reopened the application in 1982, so that at the time of decision for social security benefits, the 1982 amendment, was in effect in Alabama.

■ As a general rule, this Court will not consider issues not raised in the district court. *Stephens v. Zant,* 716 F.2d 276, 277

(5th Cir.1983). There is a less technical ground upon which to affirm the denial of this claim, however. This Court has held that an applicant's "status as a potential recipient of survivor's benefits [is] fixed at the time he [applies], and that the relevant state law made applicable pursuant to section 416(h)(2)(A) is the law in force at the time of his application." *Cox v. Schweiker,* 684 F.2d 310, 318 (5th Cir. Unit B 1982).[1] *But see Owens, by and through Owens v. Schweiker,* 692 F.2d 80 (9th Cir.1982); *Adens for Green v. Schweiker,* 773 F.2d 545 (3d Cir.1985). Since the state statute was the same on the date of death and the date of application, we need not consider the effect of an amendment during that period. Under *Cox,* the Secretary is required to determine, at the time of application, what law would establish the right to inherit personal property from the insured individual's intestate estate. The reopening of plaintiff's claim would not change the date of application for the purpose of applying *Cox.* Subsequent amendments would not affect the law as it existed at time of application. We need decide neither whether Hart could satisfy the requirements of the 1982 amendments nor whether the Alabama courts would apply the 1982 amendments retroactively. It is clear that in 1978, at the time of application, the 1982 amendment had not even been enacted.

■ Section 203(a) of the Social Security Act, 42 U.S.C.A. § 403(a), imposes a "family maximum" on the amount of survivor's insurance benefits payable on the account of a deceased insured. We are told that three other children were entitled to Henderson's survivor's insurance benefits, using up the maximum benefits available. If the plaintiff had prevailed on this claim, the amount of their benefits would be reduced. They were not parties to this action. Under these circumstances, there is considerable question whether a change in Alabama law after the death of a decedent and the

---

**1.** In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir.1982), this Court adopted as binding precedent all of the post-September 30, 1981 decisions of Unit B of the former Fifth Circuit. *Id.* at 34.

application for insurance benefits could be applied to reduce the benefits payable to them. *McGregor v. McGregor*, 249 Ala. 75, 29 So.2d 561 (1947). This question need not be decided, however, because the federal law precludes the application of the 1982 law to this case. Since Hart could not inherit under the law of intestate devolution in Alabama at the time of application, and was not dependent upon Thomas W. Henderson at the time of his death, the district court properly held that the denial of the claim by the Secretary is supported by substantial evidence on the record as a whole.

AFFIRMED.