229 So.2d 485

**MOBILE HOUSING BOARD**

v.

**George N. CROSS et al.**

**1 Div. 585.**

Supreme Court of Alabama.

Dec. 11, 1969.

Collins, Galloway & Murphy, and James
H. Lackey, Mobile, for appellant.

**96**

Tyson, Marr & Friedlander and Charles S. Street, Mobile, for appellees.

MADDOX, Justice.

There is but one question presented by this appeal. Did the Mobile trial court err in fixing an attorney's fee and assessing it as part of the costs against the appellant Mobile Housing Board in this eminent domain proceeding?

This proceeding began when the Mobile Housing Board, acting pursuant to applicable law, filed a condemnation petition in the Probate Court of Mobile County. The Probate Court granted the petition, commissioners were appointed, a hearing was held and the commissioners made their awards. The Housing Board perfected its appeal to the Circuit Court of Mobile County, where a jury assessed damages for the taking.

The property owners petitioned the trial court to fix an attorney's fee in the case and assess it as part of the costs against the Housing Board, citing as authority the provisions of Act No. 715, Acts of Alabama, 1967, Regular Session, p. 1552. The trial court granted the property owners' request and fixed an attorney's fee and assessed it as part of the costs. The Housing Board asked the court to set aside that portion of the judgment awarding the attorney's fee, and upon the court's denial, took this appeal.

Act No. 715 provides:

"Section 1. In all counties of this state having a population of not less than 300,000 nor more than 500,000, according to the last or any subsequent federal decennial census, any regional, district, county, or municipal housing authority or redevelopment agency which shall have instituted condemnation proceedings in accordance with Code of Alabama 1940, Title 19, in connection with any urban renewal or other redevelopment plan or project undertaken pursuant to Act No. 553, H. 145, Regular Session 1955 (Acts 1955, p. 1210), shall pay all reasonable costs of the proceedings in the appellate court upon appeal from an order of condemnation or as provided by Code of Alabama 1940, Title 19, Section 20, including reasonable attorney's fees to be assessed by that court; provided however, that said authority or agency shall not be required to pay costs or attorney's fees on appeal by owners or other parties interested in each of the several tracts of land wherein such orders of condemnation shall be affirmed."

Appellant contends that this act is void for vagueness and uncertainty, in that the legislative intent cannot be ascertained. Appellant also says that even if the statute is not void, it has no application in the case here. Appellant's main argument, however, is that the statute is unconstitutional under Article 1, Section 1; Article 1, Section 10; Article 1, Section 13; and Article 1, Section 35 of the Constitution of the State of Alabama, 1901, and under the fourteenth amendment to the Constitution of the United States.

The Mobile Housing Board was formed under the provisions of the Municipal Housing Authorities Law of the State of Alabama (Chapter 2 of Title 25, Sections 5–30, both inclusive, Code of Alabama, 1940, as amended). Unquestionably, the Housing Board has the authority to acquire by eminent domain any real or personal property which it may deem necessary to carry out the purposes of the Municipal Housing Authorities Law, as amended. The record shows that the condemnation

here was for the purpose of carrying out an urban renewal project in Mobile, as authorized by Act No. 553, Acts of Alabama, Regular Session, 1955; Title 25, Sections 105–112, Code of Alabama, 1940, Recompiled, 1958.

■ We cannot agree with the Housing Board that Act No. 715 which allows the fixing of an attorney's fee and assessing it as part of the costs is void because of vagueness.

■ Every presumption is in favor of the constitutionality of an act of the legislature and this court will not declare it invalid unless, in its judgment, the act clearly and unmistakably comes within the inhibition of the constitution. Rogers v. City of Mobile, 277 Ala. 261, 169 So.2d 282 (1964).

■ The Housing Board contends that the words, "shall have instituted condemnation proceedings," which appear in the act limit its operation to proceedings which were started prior to the passage of the act. We think this would be a strained construction of the words and is not what the legislature intended. We have held on many occasions that statutes are to be considered prospective, unless the language is such as to show that they were intended to be retrospective. McGregor v. McGregor, 249 Ala. 75, 29 So.2d 561 (1947), and cases there cited.

Furthermore, it seems clear that the legislature intended, if constitutionally permissible, to require authorities such as the Mobile Housing Board to pay all reasonable costs of proceedings (including an attorney's fee as fixed by the court) when an appeal is taken from the Probate Court and when an authority files an appeal from a Probate Court denial of an application for condemnation, as allowed under the provisions of Title 19, Section 20, Code of Alabama 1940, Recompiled, 1958.

■ Appellant attacks Act No. 715 most forcefully on the ground that the act creates an unequal and unjust discrimination against a particular class of litigants and is therefore unconstitutional and void as being violative of that equality and uniformity of rights and privileges which, by fundamental principles of the constitution, both state and federal, are secured to all persons.

■ Appellant strongly argues that the act here is similar to the acts declared unconstitutional by this court in South and North Alabama R. R. v. Morris, 65 Ala. 193 (1880) and Randolph v. Builders' & Painters' Supply Co., 106 Ala. 501, 17 So. 721 (1894). Needless to say, these cases are quite persuasive and are well reasoned. The only question is whether the proceeding now before us is so similar that these former cases of the court must control or whether this eminent domain proceeding is of such special character that a different and distinguishing rule must apply. We think that a special and distinguishing rule should apply in eminent domain proceedings. They are so different from the ordinary legal proceedings as to justify the taxing to an attorney's fee against persons, artificial or otherwise, upon whom the right of eminent domain is conferred.

■ The Mobile Housing Board is specially clothed with the power to exercise a right of sovereignty which it could not exercise but for the action of the legislature. Having conferred the power upon the Housing Board to take private property by condemnation, the legislature can validly impose any reasonably condition upon its exercise as the legislature sees fit. We hold that the legislature could require the Housing Board to pay all reasonable costs of the proceedings on appeal, including a reasonable attorney's fee to be assessed by the court. Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904; City of Sacramento v. Swanston, 29 Cal.App. 212, 155 P. 101 (1915); Sanitary District of Chicago v. Bernstein, 175 Ill. 215, 51 N.E. 720 (1898);

**98**

Gano v. Minneapolis & St. Louis R. R., 114 Iowa 713, 87 N.W. 714, 55 L.R.A. 263 (1901).

The judgment of the trial court is therefore affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.