HOLMES, Judge.
This is a workmen’s compensation case. The appeal is from the Circuit Court of Tuscaloosa County’s action overruling the petition of appellant B. F. Goodrich entitled “Motion for Relief from Final Decree.” Appellant’s (hereinafter referred to as employer) motion was filed pursuant to Rule 60(b)(6), ARCP.
This case has indeed had a long legal journey. The pertinent facts are as follows: In May of 1973, the appellee-employ-ee William Travis Butler injured his back while in the service of the employer. The employee thereafter filed a workmen’s compensation claim in the Circuit Court of Tuscaloosa County. In September of 1974, the trial court entered a final decree in favor of the employee, which decree provided for a lump-sum payment of the compensation award pursuant to the statutory provisions then in effect, Tit. 26, § 279(C) 9, Code of Alabama 1940. An appeal was then perfected to this court by the employer. In May of 1975, this court affirmed the trial court’s action. That same month, this court extended its opinion and overruled the employer’s application for rehearing. This court’s action may be found at Ala.App., 324 So.2d 776. For a more thorough understanding of this appeal, a reading of the court’s decision at 324 So.2d 776 is suggested.
Thereafter, in June 1975, the employer filed a petition for writ of certiorari in the Supreme Court of Alabama. This writ was granted in July of 1975. The following November, the supreme court quashed the writ as being improvidently granted. This action may be found at Ala., 324 So.2d 788. Within the prescribed time, the employer made application for rehearing to the supreme court. This application was overruled without opinion by the supreme court on January 2, 1976.
On the 28th day of January of 1976, the employer filed with the Circuit Court of Tuscaloosa County the aforementioned motion for relief from final decree.
The following appears in the employer’s motion and explains his contentions before the trial court and before this court on appeal:
“Defendant files this motion under the following authority:
“1. Rule 60(b), Alabama Rules of Civil Procedure;
“2. Act No. 86, Senate Bill 80, passed during the 1975 Fourth Special session of the Legislature of Alabama, and approved by the Governor on November 13, 1975.
“Act No. 86, above, contains numerous amendments of the Workmen’s Compensation Law of Alabama. Section 5 of the Act repeals the ‘lump sum payment’ provision formerly identified as Title 26, Section 279(C) 9, Payments. Paragraph (C) 9 was eliminated from Section 279. This is the provision that was added by the 1973 amendatory Act 1062 and that was attacked by Defendant in this case. “Section 9 of Act No. 86 re-enacts Section 299, Title 26, Code of Alabama, as last amended. Section 299 is as follows:
“ ‘Payment in lump sum. By agreement of the parties and with approval of the court, the amounts of compensation payable periodically hereunder may be commuted to one or more lump sum payments. No such commutation shall be approved by the court unless the court is satisfied that it is in the best interest of the employee or the employee’s dependents, in case of death, to receive the compensation in a lump sum rather than in periodic payments. In making such commutations, the lump sum payment shall, in the aggregate, amount to a sum equal to the present value of all future installments of compensation calculated on a six percent basis.’
“Therefore, the law permitting lump sum payments is now as it was before the 1973 amendment. Section 20 of Act No. 86 is as follows:
“ ‘The provisions of this act shall be applicable with respect to all accidents *1359 occurring after the act shall become effective, except that the provisions of Section 9 amending Section 299 of Title 26, as last amended shall apply to all cases or proceedings pending at the time the act becomes effective or thereafter commenced.’
“The foregoing Section 20 makes Section 299 of Title 26 applicable to all cases pending on November 13, 1975, the date Act No. 86 became effective. The instant case before this Court was pending on November 13, 1975, and, therefore, Section 299 applies to this case and relieves Defendant from the duty to pay to Plaintiff unaccrued payments of Workmen’s Compensation in a lump sum. Defendant has never agreed to pay Plaintiff any compensation.
“Therefore, under the authority set forth above, Defendant respectfully moves this Court to set aside that part of the Court’s final decree ordering Defendant to pay to Plaintiff unaccrued compensation in a lump sum. Defendant moves the Court to order Defendant to pay unaccrued compensation by the week.
“Defendant moves the Court, under authority of Rule 62(b), Alabama Rules of Civil Procedure, to stay the execution of and any proceedings to enforce its final decree of September 17, 1974, pending the disposition of this motion for relief from said final decree.
“Respectfully submitted this 28th day of January, 1976.
“JONES, McEACHIN, ORMOND & FULTON”
On February 19, 1976, the trial court denied the employer’s motion. As such, the trial court found no merit in the employer’s contention as set out above. We agree and affirm.
A pivotal contention made by the employer in brief is that the case was “pending” when Act No. 86 changed the applicable law. We do not pass upon this issue, as it is unnecessary to our disposition of the cause.
We initially note that retrospective application of a law is not favored, and such a construction will not be placed upon a statute unless it is clearly the legislative intent. Mobile Housing Board v. Cross, 285 Ala. 94, 229 So.2d 485; see generally 18 Ala.Dig. Statutes <s=>263.
The employer rests its argument upon § 20 of Act No. 86, which as set out earlier provides that the provisions of the Act apply to all accidents occurring after the Act becomes effective. Section 20 then makes exception for § 9 of the Act, which is to apply to cases then pending or thereafter commenced. To a reader of this section, the natural implication of the provision that the Act shall apply to accidents occurring after its enactment is that it does not apply to accidents which occurred prior to enactment. This is an illustration of negative implication, embodied in the maxim expres-sio unius est exclusio alterius. See Dickerson, The Interpretation and Application of Statutes, pp. 40-42. This conclusion is substantiated by the exception which by its specific terms makes only § 9 of the Act applicable to pending cases.
It can thus be seen that the legislature stated the application of the Act in such a manner as to exclude its operation upon pending cases, and expressly made one provision alone applicable to such cases. Had the legislature intended the entire Act to apply to pending cases, it would not have expressly made only § 9 so applicable, nor would it have described the act only as applying to accidents which occur after enactment.
Section 9 deals only with lump-sum awards by agreement of the parties. Section 5 of the Act repeals Tit. 26, § 279(C)9, of the Code providing for court-ordered lump-sum payments. Section 5 is by the terms of § 20, discussed above, not applicable to accidents occurring before enactment. It is lump-sum payment by court order which is at issue in this case, and it is therefore unaffected by the § 5 repeal. Any other conclusion would do violence to the natural import of § 20 and to accepted modes of language usage.
*1360 Able counsel for appellee-employee has filed with this court a motion to dismiss the employer’s appeal. In addition, the employee by his motion seeks the extraordinary remedy of damages and double costs. The motion is filed pursuant to Rule 38, ARAP and is bottomed on the premise that the employer’s appeal is frivolous. Counsel for the employee vigorously argued the motion during oral argument before this court.
We have carefully considered the employee’s motion and are of the opinion that it is due to be denied.
Motion denied and the case is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.