The City of Brewton appeals by permission under Rule 5, ARAP, from an order of the circuit court denying its request for declaratory relief seeking to limit its liability under authority of Act No. 673, passed by the 1977 Regular Session of the Alabama Legislature. We affirm.
During the early morning hours of January 6, 1976, an explosion occurred in the downtown area of Brewton, Alabama, causing widespread damage to property. During the next year, twelve lawsuits involving thirty-seven separate property owners were filed against The City of Brewton, and other defendants, seeking damages in excess of $1,000,000.00. All of the suits in this consolidated appeal, except one, are subrogation claims by insurance companies.
Subsequent to the filing of these suits, the Legislature passed Act No. 673 (found in § 11-93-1 through § 11-93-3, Code of Alabama, 1975) which limits the amount recoverable against a governmental entity for property damage, bodily injury, and death. As to property damage, § 2 of the Act provides:
 ". . . Recovery of damages under any judgment against a governmental entity shall be limited to $100,000.00 for damage or loss of property arising out of any single occurrence. No governmental entity shall settle or compromise any claim for bodily injury, death or property damage in excess of the amounts hereinabove set forth."
By way of a counterclaim, Brewton sought declaratory relief to limit its liability under the Act. The plaintiffs opposed Brewton's claim on grounds that the Act is not to be given retrospective application and that the Act is unconstitutional. The court dismissed Brewton's counterclaim. We find that the Act is not retrospective and therefore do not reach the constitutional question.
Courts indulge every presumption in favor of construing actions of the legislature to have a prospective operation unless the legislature's intention is otherwise stated in express terms, or clearly, explicitly, and unmistakenly permit of no other meaning. 73 Am.Jur.2d, Statutes, § 350, p. 487. The rule was stated in Ex parte Buckley, 53 Ala. 42, 54-55 (1875), as follows:
 ". . . Retrospective statutes, when within legislative competency, are not favored, and it is a sound rule of judicial construction, that they shall operate prospectively only, unless the terms show a clear legislative intent, that they shall operate retrospectively. Cooley's Con. Lim. 369; Sedgwick on Stat. and Cons. Law, 161. The statutes excluded from judicial favor, and subjected to this strictness of judicial construction — statutes which may be properly denominated retrospective, are such as take away or impair vested rights, acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability, in respect to transactions or considerations already past. Society, c., v. Wheeler, 2 Gall. 139 [105]. Such statutes are offensive to the principles of sound and just legislation, and it is of these the authorities to which we have been referred, use the term `odious,' and other epithets expressive of judicial opprobrium . . ."
See also, Mobile Housing Board v. Cross, 285 Ala. 94,229 So.2d 485 (1969); Fuqua v. Fuqua, 268 Ala. 127, 104 So.2d 925 (1958);McGregor v. McGregor, 249 Ala. 75, 29 So.2d 561 (1947); NewEngland Mortgage Security Co. v. Board of Revenue of MontgomeryCounty, 81 Ala. 110, 1 So. 30 (1887); B.F. Goodrich Company v.Butler, 336 So.2d 1357 (Ala.Civ.App. 1976); Bell v. MarMilSteel and Supply Co., 54 Ala. App. 432, 309 So.2d 471 (1975).
Appellant argues that the Act applies to judgments rendered after the effective date of the Act. We consider this to be *Page 228 
a strained construction in view of the authorities cited. The Act also makes reference to "occurrence." The occurrence which gives rise to these suits happened over a year prior to the passage and effective date of Act No. 673. Giving the Act a prospective application only, we hold it has no application to these cases.
The order of the circuit court denying appellant's request for declaratory relief is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.