The appellee-credit union filed for a declaratory judgment in the Circuit Court of Jefferson County. The petition alleged that credit unions are subject to the interest rate as well as the other provisions of the Alabama Consumer Credit Act (the Mini-Code), § 5-19-1 et seq., Code of Ala. 1975, as opposed to the interest rate provisions of the Credit Union Act, § 5-17-1
et seq., Code of Ala. 1975.
The trial court found that credit unions, as other Alabama creditors, are subject to the interest rate provisions of the Mini-Code and decreed in part as follows:
 1. The Mini-Code (Sections 5-19-1 through 5-19-31, Code of Alabama, 1975) is applicable to credit unions as well as all other creditors.
 2. The maximum finance charges which may be collected by the plaintiff are governed exclusively by the provisions of Section 5-19-3 of the Code of Alabama, 1975, and are not governed by any other applicable provisions of the Code of Alabama, 1975.
 3. The defendants are hereby permanently enjoined from taking any action to prevent plaintiff from charging any interest rate which is not in excess of the maximum "finance charge" prescribed by Section 5-19-3 of the Code of Alabama, 1975.
The facts, upon which the decree was rendered, were stipulated below and are as follows: The appellee is a credit union organized under the laws of Alabama with its principal place of business in Jefferson County. The appellants are McCartha, Superintendent of Banks, and Sauls, Supervisor of the Bureau of Credit Unions, a subdivision of the office of the Superintendent of Banks.
Prior to May 26, 1978, the credit union adopted and implemented a policy of charging a 15% annual percentage rate on loans of less than $300. The interest rates on loans which were made pursuant to this policy exceeded the maximum rate set forth in § 5-17-18, Code of Ala. 1975, but were less than the maximum prescribed in § 5-19-3 of the Mini-Code. The credit union advised appellants of its policy.
On May 29, appellant Sauls instructed the credit union to rescind its policy but informed them that it was otherwise required to comply with all other provisions of the Mini-Code except the provision relating to interest rates. Thereafter, appellant Sauls *Page 330 
again wrote the credit union and informed them that appellant McCartha was in agreement with Sauls' rescission order.
Based upon these instructions, the credit union ceased making further loans at the Mini-Code interest rate. The credit union then brought the instant action in the Circuit Court of Jefferson County.
On appeal, the Superintendent of Banks, as we perceive his brief, contends that venue of the action was improper in Jefferson County and further, that the Mini-Code, although it applies in all respects to every other Alabama creditor, does not apply to credit unions with respect to the Code's provisions on interest rates on loans. We find these contentions singularly without merit.
With regard to the contention that venue was improper in the court below, we hold that the trial court properly entertained the action.
The defense of improper venue is a personal privilege and is waived upon a failure to plead and prove residence. Hardin v.Fullilove Excavating Co., Inc., Ala., 353 So.2d 779 (1977). In order for a state official to create an appealable issue as to improper venue, it is encumbent on the official to plead andprove official residence. Hardin, supra. Where, as here, the record is totally barren as to the proof of these appellants' official residence, that defense was waived below and is therefore not an issue properly preserved for our review.
Notwithstanding appellants' waiver of the venue issue below, we observe that, in any event, venue was proper in this instance pursuant to § 5-19-26, Code of Ala. 1975. Section5-19-26 (a) provides in part:
 (a) Any interested party or intervener may appeal an order of the administrator to the circuit court . . . of the county in which such party has its principal place of business in Alabama by filing notice of appeal with the administrator and with the register or clerk of the circuit court within 30 days from the date of said final order. . . . (Emphasis supplied.)
In this case, the administrator ordered the credit union to rescind its policy of charging Mini-Code interest rates on loans and upon the issuance of the order, the credit union, as an interested party, appealed. Appeal was taken to the proper circuit court, i.e., in Jefferson County, inasmuch as it was stipulated that the credit union's principal place of business is Jefferson County.
We likewise find no merit in appellants' contention that credit unions are subject to all the provisions of the Mini-Code, save that Mini-Code provision which regulates the legal rate of interest on consumer loans, i.e., § 5-19-3. For the following reasons, appellants' reliance on § 5-17-18, which purports to regulate interest rates on credit union loans is misplaced.
A credit union is a "creditor" within the meaning of § 5-19-1
(3), Code of Ala. 1975, and is therefore subject to each of the provisions set forth in the Mini-Code. Section 5-19-1 (3) provides:
 (3) CREDITOR. Such term refers only to creditors who regularly extend or arrange for the extension of credit for which the payment of a finance charge is required, whether in connection with loans, sales of property or services or otherwise. The provisions of this chapter apply to any such creditor irrespective of his or its status as a natural person or any type of organization. (Emphasis supplied.)
It is clear from the broad language of this statute that the legislature intended all creditors to come within the applicability of the Mini-Code, notwithstanding their status as banks, credit unions or some other form of organization.
In addition, § 5-19-22, Code of Ala. 1975, makes reference to credit unions as creditors under the Mini-Code. Section 5-19-22
provides in essence that all creditors, other than those expressly denominated as excluded creditors, must obtain a license from the administrator prior to engaging in *Page 331 
consumer credit transactions. Although credit unions are among the organizations exempt from the section's licensing requirements, this in no way detracts from the applicability of the remaining provisions of the Mini-Code, and particularly those provisions which regulate the legal rates of interest which Alabama creditors may charge for loans. See also, §5-19-31 (a), Code of Ala. 1975.
As to the inherent conflict between the applicability of §5-17-18 of the Credit Union Act and § 5-19-3 of the Mini-Code, we hold that § 5-19-3 impliedly repealed § 5-17-18 which was promulgated in 1927. In this regard, we are guided by the only appellate decision to date which definitively sets forth the extent to which the legislature intended the Mini-Code to control the interest rates Alabama creditors may legally charge. Fletcher v. Tuscaloosa Federal Savings Loan Ass'n,294 Ala. 173, 314 So.2d 51 (1975). In that case, Justice Almon, writing for the court, held the Mini-Code impliedly repealed the general usury law and stated:
 [T]he legislature intended the "finance charge" provision of the Mini-Code to be the sole indicia of what constitutes the maximum legal amount allowable for the use of money loaned thereunder . . . 294 Ala. at 178, 314 So.2d at 55.
The logic of Fletcher requires that all of the provisions of the Mini-Code be applied to credit unions as well as all other financial institutions. Therefore, we are in agreement with the trial court which held "that the maximum finance charge or interest charge made by a credit union is controlled solely by the Mini-Code (Section 5-19-3 of The Code of Alabama, 1975) and not by any other provision of the law."
For the foregoing reasons, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.