HOLMES, Judge.
Defendant appeals from the dismissal of his counterclaim.
The dispositive issue is whether § 5-19-3, Code of Ala.1975 (Mini-Code), interest rates apply to what defendant terms “noncon-sumer” loans. The Circuit Court of Jefferson County determined as a matter of law that Mini-Code interest rates do apply to “nonconsumer” loans and dismissed the defendant’s counterclaim. We affirm.
Plaintiff sued defendant for the balance due, after default, on two notes executed for the purchase of an automobile. Defendant' denied liability and filed a counterclaim on a third note. The counterclaim was designated as a class action. Defendant alleged that the interest charged on this note was usurious because the automobile was purchased in a credit sale for business use and not for consumer use. Put another way, defendant argues that § 8-8-1, Code of Ala.1975, is the controlling statute where a loan for business purposes is involved and that therefore the higher interest rate allowed under § 5-19-3 is usurious in such a transaction. Defendant claimed recovery for such non-allowable interest.
Section 5-19-3, in pertinent part, states:
(a) The maximum finance charge for any loan or forbearance and for any credit sale, except under open-end credit-plans, may equal but may not exceed the greater of the following: (Emphasis supplied.)
Defendant, through able counsel, urges this court to hold § 5-19-3 does not apply in this instance. This, we are not prepared to do.
The plain language of § 5-19-3 indicates that it applies to any loan and any credit sale made by a creditor as defined in the Mini-Code. It does not matter whether the debt is for business purposes or personal use. Therefore, defendant’s contention is without merit. It is well settled that where statutory language is plain and unambiguous, the statute should be given the meaning therein plainly expressed. See, Mobile County Republican Executive Committee v. Mandeville, Ala., 363 So.2d 754 (1978).
Some sections of the Mini-Code are expressly limited to what can be termed consumer or non-business transactions. On the other hand, a number of its sections, in addition to § 5-19-3, are not so limited. Had the legislature intended for § 5-19-3 to be limited to consumer transactions, it would have so stated.
Analogously, this court recently decided that the Mini-Code applies to state-chartered credit unions. McCartha v. Iron and Steel Credit Union, Ala.Civ.App., 373 So.2d 328 (1979). Our conclusion was based upon § 5-19-1(3) which states the provisions of the Mini-Code shall apply to any creditor. As the same broad language is used in § 5-19-3 it would be obviously inconsistent for us to construe it to cover only consumer loans.
In McCartha, supra, we were also faced with an inherent conflict between two statutes regulating interest rates. We there held that § 5-19-3 impliedly repealed those provisions of the Credit Union Act controlling the maximum legal interest state-chartered credit unions could charge. See, § 5-17-18, Code of Ala.1975.
In deciding McCartha, we turned to Fletcher v. Tuscaloosa Federal Savings & Loan Ass’n., 294 Ala. 173, 314 So.2d 51 (1975), where the Supreme Court of Alabama held that § 5-19-3 repealed by implication the repugnant provisions of § 8-8-1 as regards real estate mortgage loans. There, as here, we find the logic of Justice Almon compelling. He stated:
[T]he legislature intended the “finance charge” provision of the Mini-Code to be the sole indicia of what constitutes the maximum legal amount allowable for the use of money loaned thereunder . 294 Ala. at 178, 314 So.2d at 55.
Clearly, the loan transaction in the instant case comes within the purview of § 5-19-3. If this type of transaction was once controlled by § 8-8-1, that is no longer true.
Certain constitutional questions raised by one of the amicus curiae are not properly before this court and will not be considered.
*179 This case is due to be affirmed,
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.