On September 21, 1970 appellee, Henderson National Bank, filed a three count complaint against appellant, Charley Holcomb, in the Circuit Court of Madison County, Alabama. The complaint alleged that appellant had executed three separate promissory notes in favor of appellee, that these notes were due and payable, that appellant had defaulted on same, and that he was thereby indebted to appellee for a total sum *Page 851 
of approximately $1,000. Appellee obtained a default judgment against appellant for $1,058.50 on October 21, 1971. On October 22, 1979 appellee served a writ of garnishment upon appellant's employer, Automatic Electric Company. The writ ordered Automatic Electric to retain twenty-five percent of appellant's future earnings "or the amount by which his disposable earnings exceed thirty times the Federal minimum hourly wage per week, whichever is less" until it had accumulated $1,605.74. That same day appellee notified appellant that it had served the writ upon his employer.
On June 25, 1980 appellant filed a motion to amend the writ of garnishment and for a stay of garnishment in the circuit court alleging that, because the loans on which he had defaulted were consumer loans, his wages should be garnisheed in accordance with § 5-19-15 of the 1975 Code of Alabama rather than according to §§ 6-6-370 et seq. and § 6-10-7 of the Code. Appellant did not file any documents with this motion tending to substantiate his allegation that the aforementioned loans were, in fact, consumer loans.
On August 13, 1980, two days before the motion was scheduled to be heard, appellee served by mail a "response" to the motion upon appellant declaring that "the garnishment instituted against defendant [i.e. appellant] is properly governed by the general garnishment statutes found in Alabama Code § 6-6-370 etseq." On August 15, 1980 appellee served an amendment to its August 13 response upon appellant repeating, but in greater detail, its contention that § 5-19-15 did not govern the garnishment of appellant's wages. The circuit court overruled appellant's motion on August 15, 1980. On August 19, 1980 appellant filed a sworn affidavit in support of his motion with the court alleging therein that:
 All of the proceeds from each of the three loans with Henderson National Bank which form the basis of their judgment against me in this action were used by me solely for personal, family, and/or household purposes.
Seven days after the denial of the motion by the circuit court, appellant filed a notice of appeal to this court from its ruling.
Appellant contends in brief that his earnings should have been garnished in accordance with § 5-19-15 of the Code and not in accordance with §§ 6-6-370 et seq. and § 6-10-7. This contention is correct only if two other conditions are satisfied. First, it must be found that § 5-19-15 applies to consumer loans made before this section of the Code became a part of the law of this state; second, the loans upon which appellant defaulted must have been, in fact, consumer loans.
It is undisputed that the loans defaulted upon were made before October 1, 1971, the date on which § 5-19-15 became part of the laws of Alabama. Moreover, the default judgment entered against appellant and the garnishment of his earnings pursuant to the writ of garnishment both occurred subsequent to this date.
In the recent case of Street v. City of Anniston, Ala.,381 So.2d 26 (1980), our supreme court observed that:
 It is true as a general rule that statutes will not be construed to have retrospective effect unless the language of the statute expressly indicates the legislature so intended. Baker v. Baxley, 348 So.2d 468 (Ala. 1977); Mobile Housing Board v. Cross, 285 Ala. 94, 229 So.2d 485 (1969). "Remedial statutes," or those relating to remedies or modes of procedure, which do not create new rights or take away vested ones, are not within the legal conception of "retrospective laws," however, and do operate retrospectively, in the absence of language clearly showing a contrary intention. Sills v. Sills, 246 Ala. 165, 19 So.2d 521 (1944); Harlan v. State, 31 Ala. App. 478, 18 So.2d 744 (1947). . . .
Appellant quite naturally argues that § 5-19-15 is a "remedial statute" which should be applied retrospectively so as to exempt a greater portion of appellant's earnings from garnishment than are exempt under the current writ of garnishment, whose wage exemption provisions parallel those of § 6-10-7. Conversely, appellee argues that its rights under the loan agreements vested *Page 852 
when they were executed by appellant and appellee, and appellant should not be allowed to vary the consequences of his default in repaying same in the absence of a clear expression of legislative intent to the contrary. We agree with appellee's position and hold that § 5-19-15 may not be applied retrospectively in the present case.
Act 2052, Acts of Alabama 1971, presently codified as §5-19-1 through § 5-19-31, Code of Alabama 1975, was enacted by the legislature to provide a comprehensive consumer finance law. Section 11 of said Act, now codified as § 5-19-15, provides for the amount subject to garnishment after judgment arising from defaults on consumer loans, consumer credit sales and consumer leases. In other words, the legislature provided a particular remedy by garnishment in those instances where there was a default on a consumer loan; a specific remedy for a new right, not a new remedy for an old right. Street v. City ofAnniston, supra. Prior to Act 2052 there was no particular category of loans denominated as consumer loans. In the absence of a category of consumer loans at the time the loans in question were made, § 5-19-15 would not apply, unless it was made clear in Act 2052 that it was to have retrospective application. After a careful examination of Act 2052, we are unable to find any indication that the legislature intended that said Act have retrospective effect. In the absence of such a clear expression, § 5-19-15 applies only to loans to consumers as defined by § 5-19-1 (2) and to actions brought according to § 5-19-11.
Inasmuch as Act 2052 is to be applied prospectively, the trial court correctly denied appellant's motion seeking to have his wages garnisheed pursuant to § 5-19-15 rather than §6-6-370 et seq., Code of Alabama 1975.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.