ON APPLICATION FOR REHEARING
ADAMS, Justice.
This Court’s opinion of June 10, 1988, is withdrawn and the following is substituted therefor:
This is an appeal from a judgment declaring that the plaintiffs, Sidney Ray Styles and Charlene C. Styles, were entitled to the amount of $40,000.00 under their uninsured/underinsured motorist coverage.
Sometime prior to 1984, Mr. Styles’s employer purchased an insurance policy from Granite States Insurance Company that contained an uninsured/underinsured motorist provision, providing coverage of $20,-000.00. Subsequently, in May 1984, the Alabama Legislature amended the $20,-000.00 per accident minimum coverage to $40,000.00. See Acts of Alabama 1984, No. 84-301. This amendment was to become effective January 1, 1985. Following the passage of the amendment, but prior to the effective date of January 1, 1985, Mr. Styles’s employer, the Boy Scouts of America, renewed its insurance policy, but the uninsured coverage was not changed from $20,000.00 to $40,000.00 in the policy. On January 27, 1985, Sidney Styles had an accident involving an uninsured motorist. Both Sidney Styles and Charlene Styles, who was a passenger in Sidney Styles’s car were injured. Subsequently, on June 19, 1985, Granite States issued an endorsement to the policy that increased the uninsured motorist coverage from $20,000.00 to $40,-000.00. The Styleses sued the insurer, seeking compensation for the injuries sustained in the automobile accident. The Styleses also sued State Farm Mutual Automobile Insurance Company, their own uninsured motorist coverage carrier, whose coverage was secondary to the primary coverage given by Granite States.[1]
Granite States made a motion for partial summary judgment, asking the trial judge to find that the Styleses were entitled to $20,000.00 under the uninsured/underin-sured motorist provision of the Boy Scouts of America policy. However, the trial judge treated the motion as a motion for declaratory judgment and held that the effect of the amendment was to automatically raise the uninsured motorist coverage in the Boy Scouts of America policy; therefore, the court held that Granite States was liable to the Styleses in the amount of $40,000.00. We disagree and reverse the judgment of the trial court.
At the outset, we note that the insurance policy in the case at bar was renewed prior to the effective date of the amendment raising the minimum uninsured motorist coverage from $20,000.00 to $40,000.00. The $20,000.00 coverage purchased complied with the statutory minimum coverage provision as of that date, §§ 32-7-23 and 32-7-6, Code of Alabama (1975) (prior to amendment). Although $20,000.00 was the minimum coverage allowed by law, nothing prevented the Boy Scouts of America from purchasing a policy with uninsured/under-insured motorist coverage for an amount greater than $20,000.00, provided it was willing to pay the premium for such coverage.
While the Styleses argue that the $40,-000.00 figure should apply because the accident occurred after the amendment was in effect, the language of § 32-7-23, supra, indicates otherwise:
No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided *1064 therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of section 32-7-6, under provisions approved by the commissioner of insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer.
§ 32-7-23(a), Code of Alabama (1975) (emphasis added). The language of the statute clearly states that the minimums as set forth in § 32-7-6(c) are required in all policies “delivered or issued for delivery.” The facts of this case clearly establish that the policy renewed by the Boy Scouts of America had already been renewed as of the effective date of the amendment.
Each time [an insurance] policy [is] reviewed, a new effective date for the policy [is] created, thus, making it subject to any law in effect at the new effective date.
Moses v. American Home Assur. Co., 376 So.2d 656, 658 (Ala.1979). Therefore, the effective date of the policy would be the date of its renewal and, because the renewal was prior to January 1, 1985, it was subject to the statutory $20,000.00 minimum in effect at that time. Furthermore, to hold that the amendment applied to all policies delivered or renewed prior to January 1 would be to apply the amendment retroactively.
In Alabama, retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively as well as prospectively. See Kittrell v. Benjamin, 396 So.2d 93, 94 (Ala.1981) (citing City of Brewton v. White’s Auto Store, Inc., 362 So.2d 226 (Ala.1978)).
Jones v. Casey, 445 So.2d 873, 875 (Ala.1983). We “indulge every presumption in favor of construing actions of the legislature to have a prospective operation unless the legislature’s intention is otherwise stated in express terms, or [its actions] clearly, explicitly, and unmistakably permit ... no other meaning.” City of Brewton v. White’s Auto Store, Inc., 362 So.2d 226, 227 (Ala.1978).
Because we find no explicit intent on the part of the legislature to make this amendment retroactive and because the Boy Scouts of America was free to choose a policy in excess of $20,000.00 had it wanted such a policy at the time of the renewal, we reverse the judgment of the trial court and remand this cause with directions that a judgment be entered in favor of the plaintiffs for $20,000.00 against Granite States Insurance Company.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; MOTION FOR CLARIFICATION GRANTED; APPLICATION FOR REHEARING OVERRULED; REVERSED; AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES and STEAGALL, JJ., concur.

. Although State Farm is not technically a party to this appeal, it has filed an "appellee’s brief.” We have considered that brief as an amicus curiae brief.