J. ED TEASE, Retired Circuit Judge.
Judgment debtor appeals from the trial court’s ruling that her future wages could not be exempt from garnishment even though the underlying debt was created prior to adoption of Act 88-294, which act specifically excluded wages, salaries, and other compensation from the $3,000 personal property exemption provided by section 6-10-6, Code 1975.
Appellant’s brief states the issue presented to us as follows: Did Act 88-294, amending section 6-10-6, Code 1975, affect appellant’s entitlement to claim certain wages as exempt from garnishment if the underlying debt was incurred and demanded prior to Act 88-294 becoming law on April 12, 1988?
Appellee hospital obtained a default judgment for $2,622.57 in the District Court of Baldwin County against appellant on September 9, 1987. After garnishment proceedings were filed, appellant filed her motion for stay of garnishment along with declaration and claim for exemption on February 25, 1988. The claimed exemption included both personal property and “all monthly wages in excess of the federal and state exemption.” On March 7 appellee filed its contest of the claim of exemption and the district court allowed the garnishment to continue pending a hearing on the contest of claim of exemptions.
On April 12, 1988, Act 88-294 became law with the governor’s signature.
Section 2 of Act 88-294 provides as follows:
“Sections 6-10-6 and 6-10-37, Code of Alabama 1975, as amended, are hereby amended to read as follows:
“ ‘6-10-6.
“ ‘The personal property of such resident, except for wages, salaries or other compensation, to the extent of the resident’s interest therein, to the amount of $3,000 in value, to be selected by him or her, and, in addition thereto, all necessary and proper wearing apparel for himself or herself and family, all family portraits or pictures and all books used in the family shall also be exempt from levy and sale under execution or other process for the collection of debts. No wages, salaries, or other compensation shall be exempt except as provided in Section 5-19-15 or Section 6-10-7_’” [Emphasis supplied.]
In order to review the effects of Act 88-294, the district court continued the hearing on the contest to July 6, 1988 and on that date entered an order: (1) denying the stay of garnishment, but (2) returning to appellant monies withheld under the garnishment prior to April 15, 1988, and (3) allowing garnishment of appellant’s wages earned after April 15, 1988 (that is, not permitting appellant to exempt such wages as personal property under section 6-10-6, Code 1975).
On appeal the circuit court entered summary judgment in favor of appellee, which was in all respects consistent with the district court judgment of July 6, 1988. This appeal followed.
*1048 Appellant relies on section 6-10-1, Code 1975, which states as follows:
“The right of homestead or other exemption shall be governed by the law in force when the debt or demand was created, but the mode or remedy for asserting, ascertaining, contesting and determining claims thereto shall be as prescribed in this chapter.”
Appellant also cites us to Ex parte Avery, 514 So.2d 1380 (Ala.1987), which held in pertinent part:
“It is the opinion of this Court that [section 6-10-37, Code 1975] contains a clear expression of the legislative intent that property which can be garnished can also be claimed as exempt....
“... Therefore, we are of the opinion that future wages can be claimed as exempt. ...”
Thus, the stated principle in Ex parte Avery, exempting future wages from garnishment, was controlling law on this subject prior to Act 88-294 becoming law on April 12, 1988. Appellant therefore was entitled to claim her future wages as exempt when the debt or demand was created.
She further argues that the provisions of Act 88-294 cannot be applied retrospectively, citing Holcomb v. Henderson National Bank, 399 So.2d 850 (Ala.Civ.App.1981). In that case the issue was whether subsequently enacted laws with respect to the amount subject to garnishment could be applied retrospectively to loans defaulted upon before the date on which such laws went into effect.
In Holcomb we quoted our supreme court in Street v. City of Anniston, 381 So.2d 26 (Ala.1980), as follows:
“It is true as a general rule that statutes will not be construed to have retrospective effect unless the language of the statute expressly indicates the legislature so intended. Baker v. Baxley, 348 So.2d 468 (Ala.1977); Mobile Housing Board v. Cross, 285 Ala. 94, 229 So.2d 485 (1969). ‘Remedial statutes,’ or those relating to remedies or modes of procedure, which do not create new rights or take away vested ones, are not within the legal conception of ‘retrospective laws,’ however, and do operate retrospectively, in the absence of language clearly showing a contrary intention. Sills v. Sills, 246 Ala. 165, 19 So.2d 521 (1944); Harlan v. State, 31 Ala.App. 478, 18 So.2d 744 (1944)....”
In Holcomb the debtor argued that the law in question (section 5-19-15, Code 1975) should be applied retrospectively so as to exempt a greater portion of debtor’s earnings from garnishment than would have been exempt under the alternative garnishment provisions. Conversely, the creditor argued that its rights under the loan agreements vested when they were executed by and between the parties, and that debtor should not be allowed to vary the consequences of his default in repaying same in the absence of a clear expression of legislative intent to the contrary. We agreed with appellee in that case and held that the law in question (§ 5-19-15, Code 1975) could not be applied retrospectively.
In the case at bar, the appellant argues that the provisions of Act 88-294 should not be applied retrospectively. Her argument is grounded in the language of section 6-10-1, Code 1975, which clearly designates the time governing the right of exemption to be when the debt or demand was created.
Appellee argues that Act 88-294 merely changed the means of ascertaining and determining the exemption and did not abolish any existing exemptions. Appellee further argues that the retrospective application of Act 88-294 is permitted by that portion of section 6-10-1 stating “but the mode or remedy for asserting, ascertaining, contesting and determining claims thereto shall be as prescribed in this chapter.” We cannot agree.
The right to exempt future wages from garnishment as part of the personal property exemption under section 6-10-6, Code 1975, is a recognized substantive legal right, Ex parte Avery, supra, which may not be affected by the retrospective application of subsequent legislation unless such application is clearly intended and ex *1049 pressed by the legislature. Street v. City of Anniston, supra. No such language appears in Act 88-294.
We therefore hold that the judgment by the trial court which granted appellee hospital’s motion for summary judgment is due to be reversed. The trial court’s denial of appellant’s motion for stay of garnishment is also due to be reversed.
We reverse this case and remand to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.