ROBERTSON, Presiding Judge.
In June 1987, Estelle Divine co-signed a note for the purchase of a 1978 automobile for her son, Donnie Divine. The automobile was bought and financed through The People’s Bank. The Divines defaulted on their promise to pay and, in fact, made only one payment on the loan. The bank then repossessed the automobile and sold it for six hundred dollars.
The bank notified Ms. Divine by certified letter that the repossessed automobile had been sold for $600, leaving a $648.95 deficiency.
The bank then filed an action for a deficiency judgment in the small claims court. After a hearing, the small claims court held that the bank was not a “seller” as contemplated in the Ala.Code 1975, § 5-19-13, and that the bank acted in a commercially reasonable manner. Ala.Code 1975, § 7-9-504. Therefore, judgment was entered against Ms. Divine.
Ms. Divine then appealed to the circuit court, and after a de novo hearing, the *639 circuit court held that the bank was not a seller and entered a judgment against her in the amount of $723.19. Ms. Divine now appeals to this court.
Ms. Divine contends in her brief that the bank is a “seller” as contemplated by the Mini-Code, specifically § 5-19-13 and, therefore, is not entitled to a deficiency judgment. The bank did not favor this court with a brief.
Section 5-19-13 of the Mini-Code concerns any seller who repossesses goods in which he has a security interest where the original cash price was $1,000 or less. The section specifically provides that in such cases, i.e., where the seller repossesses the goods, the buyer is not personally liable to the seller for the unpaid balance of the debt arising from such a sale.
Here, the bank sold an automobile for $750 to the Divines. The bank also loaned the Divines $200 for the purchase of tires for the automobile. After the Divines failed to make the required payments on the loan, the bank repossessed the automobile (consumer goods), in which it had a security interest, and resold it. Therefore, if the bank is a seller as contemplated by the Mini-Code, it would not be entitled to a deficiency judgment.
Black’s Law Dictionary defines seller as follows:
“One who sells anything; the party who transfers property in the contract of sale. The correlative is ‘buyer’, or ‘purchaser’.”
This court must interpret plain language in a statute to mean exactly what it says. Coastal States Gas Transmission Co. v. Alabama Public Service Commission, 524 So.2d 357 (Ala.1988). Words should be given their natural, plain, ordinary and commonly understood meaning. Alabama Farm Bureau Mutual Casualty Insurance Co. v. City of Hartselle, 460 So.2d 1219 (Ala.1984). Here, § 5-19-13 uses the word “seller”. The Mini-Code does not define the term, and we find that it is to be given its plain and ordinary meaning. This is especially true in view of the overall legislative intent of the Mini-Code. The Mini-Code, § 5-19-1 through § 5-19-31, was enacted by the legislature to provide a comprehensive consumer finance law. Holcomb v. Henderson National Bank, 399 So.2d 850 (Ala.Civ.App.1981). The aim is to protect the consumer. Spears v. Colonial Bank of Alabama, 514 So.2d 814 (Ala.1987); Derico v. Duncan, 410 So.2d 27 (Ala.1982). The intention of the legislature was to include all creditors within the applicability of the Mini-Code, regardless of their status as banks, credit unions or some other form of organization. McCartha v. Iron & Steel Credit Union, 373 So.2d 328 (Ala.Civ.App.1979).
In view of the above, we find that in this instance the bank is to be considered a seller within the meaning of § 5-19-13. Therefore, the deficiency judgment entered by the trial court was in error.
We note that Ms. Divine raised another issue on appeal. However, since we find that the bank is a seller, we pretermit any discussion of the issue.
This case is due to be reversed and remanded to the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.